**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rudolph HINDS, Defendant–Appellant.**

**No. 99–3803.**

United States Court of Appeals,
Sixth Circuit.

Jan. 17, 2001.

Before KEITH, BOGGS and COLE, Circuit Judges.

PER CURIAM.

Defendant–Appellant, Rudolph Hinds, pled guilty to one count of possession with the intent to distribute cocaine on April 15, 1999. The district court advised Defendant that the government had filed an enhancement information seeking to characterize Defendant as a career offender pursuant to 21 U.S.C. § 851. Consequently, Defendant filed his timely objection contesting the validity of the underlying convictions. The district court applied the enhancement, and he was sentenced to 188 months imprisonment on June 8, 1999. Hinds now appeals the finding of the district court classifying him as a career offender and enhancing his sentence. Defendant argues that the district court improperly considered three state convictions. Specifically, Defendant contends that two Ohio drug convictions are invalid or, alternatively, were consolidated. Additionally, Defendant asserts that a third conviction was obtained while he was a juvenile and is inappropriate for enhancement under the sentencing guidelines.

*See U.S. Sentencing Guidelines Manual,* § 4B1.1 (1998). For the reasons stated below, we AFFIRM the decision of the district court and its reliance on these convictions.

## DISCUSSION

■ Defendant challenges the enhancement of his sentence on several grounds. First, he contends that the Ohio convictions are invalid because the state court failed to establish a "factual basis" for his plea. Second, he contends that the district court improperly counted his Ohio convictions because they were consolidated for sentencing. He further contends that these prior convictions are invalid for enhancement purposes because they were obtained in violation of his right to effective assistance of counsel. With regard to his New York conviction for attempted murder, Defendant claims that he was a juvenile and, consequently, this conviction is exempted from use in determining Defendant's status as a career offender. We review a district court's factual determinations regarding a criminal defendant's prior convictions for clear error. *United States v. McAdams,* 25 F.3d 370, 374 (6th Cir.1994).

■ At the outset, we observe that the government challenges Defendant's appeal under the holding of *Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis,* the Supreme Court held that prior state convictions used to enhance a sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(c) may not be collaterally challenged at federal sentencing proceedings. *See* 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *United States v. Bonds,* 48 F.3d 184, 186 (6th Cir.1995), this Court found that the reasoning in *Custis* dealing with enhancements under the ACCA also applied to enhancements under

the sentencing guidelines. Because defendant's sentence was enhanced under U.S.S.G. § 4B1.1, the collateral challenge provisions of 21 U.S.C. § 851 are inapplicable.[1] Accordingly, Defendant's claims are not entitled to review. Moreover, as discussed below, each of these claims must fail on the merits.

### A. Ohio Drug Convictions

#### 1. Guilty Plea

Defendant argues that his two underlying 1996 Ohio state convictions are invalid because "a factual basis for the pleas was not established ... and that the pleas were invalid because he did not knowingly and voluntarily extinguish his right[s]." Defendant contends that the trial court must provide an "explanation of the acts ... with which [Defendant] was charged [ ] or [ascertain] his understanding of the law in relation to the facts." Defendant, however, has provided no support for this contention.

■ A guilty plea, which amounts to the waiver of the constitutional rights against self-incrimination, to stand trial by jury, and to confront one's accusers, is valid if it is entered intelligently and voluntarily. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Transcripts of the plea hearing for the state drug convictions establish that Defendant was aware of his rights, i.e., "to stand trial" before a "judge or jury" with the representation of a lawyer. Defendant was also apprised that he could cross-examine the government's witnesses. Accordingly, Defendant's argument that this plea was not "knowing and voluntary" is not meritorious.

#### 2. Consolidation of State Convictions

■ Defendant asserts that the two state court convictions were consolidated. On May 2, 1996, the Defendant was arrested by Bratenahl police on charges of drug trafficking pursuant to Ohio Rev.Code Ann. ("O.R.C.A.") § 2925.03(A)(2), vol.1 (Anderson 1996) (repealed July 1, 1996). The Defendant was again arrested by the Cleveland police on June 11, 1996 for drug trafficking and charged pursuant to O.R.C.A. § 2925.03(A)(2), vol.1 (Anderson 1996)(repealed July 1, 1996). The state trial court sentenced Defendant for the two offenses on September 2, 1996. Defendant alleges that the district court improperly counted these convictions as unrelated, as they were "consolidated" for sentencing.

The counting of convictions for criminal history purposes is governed by U.S.S.G. § 4A1.2. Application Note 3 of § 4A1.2 states in part:

> Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, cases are related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for sentencing.

In United States v. Coleman, 964 F.2d 564, 567 (6th Cir.1992) (citing U.S. v. Metcalf, 898 F.2d 43, 46 (5th Cir.1990)), we noted that "cases are not consolidated when the offenses proceed to sentencing under sepa-

---

1. The procedural requirements of 21 U.S.C. § 851(a)(1) "apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines."

U.S. v. Brannon, 7 F.3d 516, 521 (6th Cir. 1993). Thus, the government was not required to file an information seeking a guideline enhancement.

rate docket numbers, cases are not factually related, and there was no order of consolidation." Moreover, simply because a defendant received concurrent sentences for separate offenses on the same date, does not lead to the conclusion that the cases were consolidated for sentencing. *See United States v. McAdams*, 25 F.3d 370, 374–375 (6th Cir.1994).

The Defendant's state drug trafficking convictions were separated by an intervening arrest, committed on different dates, in different locations, and involved different parties. Moreover, there is no evidence that the state court issued an order consolidating these offenses. Accordingly, the district court properly treated these convictions as unrelated.

### 3. Ineffective Assistance of Counsel

Defendant argues that his attorneys in the Ohio state court proceedings were ineffective in two ways. First, Defendant claims that they were ineffective for failing to file various pretrial motions to exclude evidence. Second, Defendant contends that his Ohio state drug conviction involving marijuana is actually "a misdemeanor, not a felony" and, consequently, his counsel was ineffective for failing to inform him of the changes in the Ohio criminal code.[2]

#### a. Failure to File Various Pre–Trial Motions

■ In giving proper deference to trial counsel, a reviewing court must presume "that defense counsel has rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy." *Austin v. Bell*, 126 F.3d 843,

848 (6th Cir.1997). Trial strategy includes the decision not to file certain motions if, after investigation, doing so would not be necessary or advantageous. *Id.* As Defendant's state attorneys were able to procure favorable sentences[3] despite the fact that Defendant was found with cocaine and marijuana in his possession, we cannot find that counsels' failure to file certain motions proved disadvantageous to Defendant's defense of these crimes. Accordingly, this claim must fail.

#### b. Failure to Inform

■ Defendant was arrested on June 11, 1996 for drug trafficking and charged pursuant to O.R.C.A. § 2925.03(A)(2), vol. 1 (Anderson 1996) (repealed July 1, 1996). Approximately twenty days later, on July 1, 1996, this statute was repealed and revised. During sentencing on the instant matter, Defendant argued that his state counsel was ineffective for "advis[ing him] to plead to a felony offense as to the marijuana when that offense was soon to become a minor misdemeanor."[4]

Effectiveness of counsel is judged using a two-part test first described in *Strickland v. Washington*, 466 U.S. 668, 691–692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1994). As explained by the Sixth Circuit, in order to prevail on an ineffective assistance claim:

First, a defendant must show that counsel's errors were so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment....Second, a defendant asserting an ineffective assistance of counsel claim must generally show that the defense

---

**2.** With the exception of this bare assertion. Defendant provided no argument on this matter.

**3.** Defendant was sentenced to two consecutive eighteen-month sentences for the Ohio state convictions. The sentences were sus-

pended and Hinds was placed on eighteen months of probation.

**4.** Defendant asserts that his conduct would only have been a misdemeanor under the revised statute.

counsel's deficient performance prejudiced the defense.

*Lucas v. O'Dea,* 179 F.3d 412, 418 (6th Cir.1999) (quoting *Strickland,* 466 U.S. at 691–692).

Counsel's failure to inform Defendant of the change in Ohio law is not an "error" as contemplated by *Strickland.* As noted by the district court, the fact that the legislature abolishes a criminal statute does not · "absolve a person charged with committing a criminal act that was in existence at the time of his conduct." *See also U.S. v. United States Coin & Currency,* 401 U.S. 715, 738, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) (White, J., dissenting) ("Conduct perfectly innocent under current law is nevertheless punishable if it occurred while a valid criminal statute proscribed it."). In fact, the Ohio legislature has expressly provided that pending criminal prosecutions are not affected by the repeal of the underlying statute. Section 1.58 of the Ohio Revised Code states:

> (A) The reenactment, amendment or repeal of a statute does not.
>
> .      .      .      .      .
>
> (3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal.

O.R.C.A. § 1.58(A)(3) (Anderson 1996). Having established that the crime was properly charged, this Court cannot find error when a client is advised to plead guilty to a properly charged and substantiated offense. Moreover, Defendant's argument requires this Court to presume that the state prosecutor would reduce these charges despite the validity of the statute at the time Defendant committed the acts resulting in his arrest. *Strickland* analysis limits this Court's inquiry to the deficiencies of a defendant's counsel; the analysis proposed by Defendant would expand this inquiry, requiring the Court to speculate on the reaction of the prosecutor to counsel's hypothetical request. This we cannot do. Defense counsel's failure to inform the Defendant of the change in Ohio law or pursue a reduction in the charge "may not have been the best possible choice for [Defendant's] defense, but in light of the circumstances, we cannot say that the decision was an error so serious that counsel was not functioning as the counsel guaranteed the [D]efendant by the Sixth Amendment." *Skaggs v. Parker,* 230 F.3d 876, 884 (6th Cir.2000). Accordingly, this argument must fail.

## B. New York Conviction

■ Defendant asserts that the district court improperly considered his juvenile conviction for attempted murder. The district court found that Defendant's prior conviction under New York state law for attempted murder should be considered in addition to his two Ohio convictions for drug trafficking to enhance his sentence as a career offender. The government proffered evidence demonstrating that Defendant was sentenced to a term of three to nine years for the attempted murder, and although he served his time in a juvenile facility, he was tried and convicted in adult court. Defendant raises no objection to his plea or conviction as an adult. He merely claims that the fact that he was fifteen at the time of his conviction should bar its use in calculating his career offender status.

Pursuant to the Guidelines, any "offense[] committed prior to age eighteen ... result[ing] in [the] imposition of an adult or juvenile sentence or [a] release from confinement on that sentence within five years of the defendant's commencement of the instant offense [is] counted." U.S.S.G. § 4A1.2. cmt. n. 7 (1998). *See also United States v. Muhammad,* 948 F.2d 1449, 1459 (6th Cir.1991) (discussing

this Circuit's repeated acceptance "of juvenile convictions in calculating criminal history categories under § 4A1.1."). Defendant was convicted of attempted murder in adult court and was paroled to the State of Ohio on July 6, 1994. The instant offense was committed on January 12, 1998. As the instant offense was within the five-year period of limitations prescribed by the guidelines, this offense is valid for career offender consideration. Accordingly, the district court properly considered this conviction when enhancing Defendant's conviction.

## CONCLUSION

For the aforementioned reasons, the judgment and sentence imposed by the Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, is affirmed.