# United States Court of Appeals
## For the First Circuit

No. 07-2331

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS TORRES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,
Stafford,* District Judge,
and Torruella, Circuit Judge.

Karen A. Pickett, with whom Donnelly, Conroy & Gelhaar, LLP was on brief for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

September 10, 2008

---

* Of the Northern District of Florida, sitting by designation.

**TORRUELLA**, **Circuit Judge**. Carlos Torres pled guilty to possession of crack cocaine with intent to distribute. The Presentence Investigation Report ("PSR") determined him to be a career offender under the Sentencing Guidelines, resulting in a Guidelines Sentencing Range ("GSR") of 188 to 235 months. Counted for career-offender purposes were two New Jersey convictions -- one for drug distribution and one for possessing an assault weapon -- that Torres committed at age seventeen, and for which he was convicted and sentenced at age twenty. On appeal, Torres challenges his qualification as a career offender by arguing that these convictions were not properly countable because he was a juvenile when he committed them, and that the gun-possession offense was not a "crime of violence," as required under the applicable guideline. He also argues that he must be resentenced to take account of recent Guidelines amendments concerning crack cocaine. After careful review, we affirm Torres's sentence.

## I.  Background

Torres sold 10.1 grams of crack cocaine to an undercover agent. He was arrested and charged with distributing five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), an offense carrying a statutory mandatory minimum sentence of five years and a maximum of forty years. Id. § 841(b)(1)(B). He pled guilty and the district court accepted the plea.

-2-

Torres's PSR calculated his base offense level as twenty-six because he possessed 10.1 grams of crack. See U.S.S.G. § 2D1.1(c)(7) (2006).[1] It subtracted from this number three levels for acceptance of responsibility, see id. § 3E1.1, for a total offense level of twenty-three. The PSR determined, however, that Torres qualified as a career offender under the Guidelines because he fulfilled the three criteria in U.S.S.G. § 4B1.1: (1) he was over age eighteen when he committed the crime of conviction; (2) the crime of conviction was a controlled-substance offense; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled-substance offense, or one of each. See id. § 4B1.1(a). Two prior convictions are relevant to the discussion below. First, in January 1996, Torres possessed marijuana and crack cocaine within 1,000 feet of a school; a New Jersey court convicted and sentenced him for possession with intent to distribute in October 1998 ("New Jersey drug conviction"). Second, in February 1996, Torres illegally possessed what the PSR described as a "fully-loaded M-11 machine gun"; a New Jersey court convicted him of possession of an assault firearm in October 1998, and set his sentence to run concurrently with that for the drug

---

[1] Torres was sentenced under the 2006 Guidelines. Under the amended 2007 Guidelines, this base offense level would have been twenty-four. See U.S.S.G. § 2D1.1(c)(8) (2007).

offense.[2]  At the time he committed both offenses, Torres was seventeen years old; at the time he was sentenced for both, he was twenty.

Because Torres qualified as a career offender, and because his offense of conviction has a statutory maximum of forty years' imprisonment, the PSR calculated his base offense level as thirty-four.  See id. § 4B1.1(b)(B); 21 U.S.C. § 841(b)(1)(B). This base offense level superseded Torres's non-career-offender base offense level of twenty-six by operation of the relevant provision in the career-offender section of the Guidelines. See id. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").  Under the terms of the same provision, the PSR set Torres's Criminal History Category ("CHC") at VI. See id. ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  The PSR then

_____

[2]  The PSR also listed what the Probation Office considered to be a third prior New Jersey conviction, for burgling a store, which Torres committed in June 1998 and for which he was convicted and sentenced in October 1998.  Below, we hold that the district court properly counted the New Jersey drug conviction and the New Jersey gun conviction as career-offender predicates, and two qualifying prior convictions are all that is required.  See U.S.S.G. § 4B1.1(a).  For this reason, we need not state a view on whether the burglary conviction was properly counted, and we deny Torres's request, made in a Federal Rule of Appellate Procedure 28(j) letter following oral argument, to delay a decision in this case until the en banc court issues an opinion in United States v. Giggey, No. 07-2317.

subtracted three points to take account of Torres's acceptance of responsibility, leaving him with a total offense level of thirty-one and a CHC of VI. This produced a GSR of 188 to 235 months. Id. § 5A.

At sentencing, the district court found that the Government had proved the New Jersey drug conviction and the New Jersey gun conviction, that New Jersey law considered them adult convictions, and that they therefore could be counted to render Torres a career offender. The court accepted the PSR's recommendation that Torres's career-offender offense level should be thirty-one, his CHC VI, and his resulting GSR 188 to 235 months. Calling Torres a "classic career offender [of the type] Congress had in mind for these long prison sentences," the court rejected Torres's plea to vary the sentence downward, considered the 18 U.S.C. § 3553(a) factors, and sentenced him near the bottom of the range to 195 months in prison. Torres lodged a timely appeal.

## II. Discussion

### A. Standard of Review

We review the "procedural component of the sentence for abuse of discretion; procedural errors amounting to an abuse of discretion might include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing

-5-

to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" United States v. Innarelli, 524 F.3d 286, 292 (1st Cir. 2008) (quoting United States v. Politano, 522 F.3d 69, 72 (1st Cir. 2008)). Thus, the district court's legal interpretation of Guidelines provisions receives plenary review. See United States v. Vázquez-Botet, 532 F.3d 37, 65 (1st Cir. 2008).

## B. Whether Torres's 1996 Convictions May Count Toward His Career-Offender Status

As they did before the district court, the parties argue at length about whether it was proper for the district court to count the New Jersey drug and gun convictions to render Torres a career offender, as he was seventeen when he committed both but twenty when he was convicted and sentenced. See U.S.S.G. § 4B1.2 cmt. n.1 ("A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted . . . ."). Torres contends that under the relevant New Jersey law the age of adulthood is eighteen, so his convictions for offenses committed when he was seventeen cannot be counted in his score. The Government counters that, even though Torres was a minor when he committed the offenses, he was convicted and sentenced at age

-6-

twenty and treated by the New Jersey court as an adult, so the offenses can be counted.

Under the circumstances, we need not delve into New Jersey law or how the New Jersey court classified Torres thereunder, because another provision in the Guidelines forecloses Torres's challenge. Application Note 3 to § 4B1.2 states that "[t]he provisions of §4A1.2 (Definitions and Instructions for Computing Criminal History) are applicable to the counting of convictions" for determining whether a defendant is a career offender. Id. cmt. n.3. One of the provisions of § 4A1.2, in turn, is Application Note 7, which discusses how to count offenses committed prior to the age of eighteen for purposes of a defendant's criminal-history score where the crime of conviction was commenced within five years of release from confinement:

> Section 4A1.2(d) covers offenses committed prior to age eighteen. . . . [F]or offenses committed prior to age eighteen, only those that . . . resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," this provision applies to all offenses committed prior to age eighteen.

Id. § 4A1.2 cmt. n.7.

The parties do not dispute that Torres was convicted of and sentenced for the New Jersey drug and gun offenses in October 1998, served his respective sentences for the two crimes

-7-

concurrently, and was ultimately released from the New Jersey correctional facility in January 2002 after having been paroled for a time and then having had his parole revoked. They likewise do not dispute that Torres committed the "instant offense" -- that is, selling 10.1 grams of crack cocaine to an undercover agent -- in May and June 2004, less than five years after Torres's January 2002 release from New Jersey custody. The condition in Application Note 7 of § 4A1.2 was therefore triggered, and Application Note 3 of § 4B1.2 allows recourse to Application Note 7 in determining whether a prior conviction may be counted. See United States v. Bacon, 94 F.3d 158, 161 (4th Cir. 1996) ("Whether a prior conviction must be counted [toward a defendant's career-offender status] under § 4B1.1 is determined by reference to § 4A1.2."); see also Stinson v. United States, 508 U.S. 36, 38 (1993) (Guidelines commentary authoritative if it does not violate Constitution or federal statute, and is not inconsistent with the relevant guideline itself).

As a result, the district court committed no error in counting both New Jersey convictions in determining that Torres was a career offender. This reading of the relevant Guidelines provisions and commentary comports with that of the Sixth Circuit in United States v. Hinds, 2 F. App'x 420 (6th Cir. 2001) (per curiam), which held that the district court had properly counted the defendant's prior conviction toward his career-offender status

-8-

because his release from prison occurred less than five years before he committed the federal offense that was the subject of the appeal.  Id. at 424-25.  Given this fact, the Hinds court did not reach the disputed question of whether the prior conviction was an adult conviction or a juvenile conviction.  See id. at 425.  Our reading is also consistent with that of the Third and Fourth Circuits.  See, e.g., United States v. Moorer, 383 F.3d 164, 167-68 (3d Cir. 2004) (relying on another portion of U.S.S.G. § 4A1.2 cmt. n.7, incorporated by reference through U.S.S.G. § 4B1.2 cmt. n.3, to determine that one of the defendant's prior convictions could be counted for career-offender purposes); United States v. Mason, 284 F.3d 555, 559 (4th Cir. 2002) (suggesting that, had less than five years transpired between defendant's release from prison and his commission of the instant offense, the prior conviction could have been counted toward his career-offender status).

For these reasons, it is immaterial whether Torres was classified as an adult under New Jersey law, or whether the relevant time for him to be so classified was when he committed these crimes or when he was convicted and sentenced for them.[3] Therefore, provided the district court was correct in finding the New Jersey gun conviction to be a "crime of violence" for career-

---

[3]  Because we find an alternative ground for affirmance, we need not state a view on whether the district court was correct in characterizing these as adult convictions.  See United States v. Brown, 510 F.3d 57, 74 (1st Cir. 2007) (affirmance permitted on any ground supported by record).

offender purposes -- a question we address immediately below -- the court did not abuse its discretion in counting both the New Jersey drug offense and the New Jersey gun offense as contributing to Torres's status as a career offender.

**C.  Whether the New Jersey Gun Conviction Was for a Crime of Violence**

The Guidelines list two types of offenses for which a prior conviction may be counted to render a defendant a career offender: "crime[s] of violence" and "controlled substance offense[s]." U.S.S.G. § 4B1.1(a). The parties do not dispute that the New Jersey drug conviction was for a controlled-substance offense, and is thus countable. Torres does, however, challenge the district court's conclusion that the New Jersey gun conviction was for a crime of violence.

Section 4B1.2 of the Guidelines defines a "crime of violence" as an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Application Note 1 elaborates on this definition, explaining in pertinent part that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" U.S.S.G. § 4B1.2 cmt. n.1 ¶ 5. Section 5845(a), in turn, lists a number of firearms, including "a machinegun." 26 U.S.C. § 5845(a)(6). "Machinegun" is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to

-10-

shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." Id. § 5845(b). Hence, a prior conviction for unlawful possession of a machinegun meeting this definition qualifies as a crime of violence for career-offender purposes.

According to the PSR, the New Jersey court convicted Torres of "[p]ossession of an [a]ssault [f]irearm" after he was arrested carrying "a fully-loaded M-11 machine gun." Torres did not object to this characterization of the crime. While the PSR recommended that the 1996 New Jersey gun conviction be counted as a crime of violence qualifying Torres for career-offender status, it did not set forth an analysis of whether the particular machinegun Torres was convicted of possessing met the definition of "machinegun" in § 5845(b), or qualified as another of the firearms listed in § 5845(a). Faced with no objection from Torres, the district court likewise did not undertake such an analysis, but instead found the facts as presented in the PSR and adopted the PSR's legal recommendations. The court thus implicitly counted the 1996 New Jersey gun conviction as a crime of violence contributing to Torres's status as a career offender.

As noted above, Torres now claims this was reversible error. He concedes that the New Jersey court convicted him of possessing an assault firearm, but asserts that New Jersey's definition of "assault firearm" includes many guns not meeting the

-11-

definition of any of the firearms in § 5845(a), and that the Government failed to discharge its burden of proving at sentencing that it was indeed one of these firearms. Since Torres did not raise this argument below, we review for plain error. See United States v. Brandao, No. 07-1215, ___ F.3d ___, 2008 WL 3866512, at *12 (1st Cir. Aug 21, 2008) (plain-error standard asks (1) whether the district court erred; (2) whether the error was "plain" -- that is, clear or obvious; and (3) whether this error affected the defendant's substantial rights and (4) whether the error "'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings'" (quoting United States v. Olano, 507 U.S. 722, 732 (1993))); United States v. Colón-Díaz, 521 F.3d 29, 33 (1st Cir. 2008); United States v. Brown, 510 F.3d 57, 72 (1st Cir. 2007).

Torres's argument is unavailing. Where, as here, the defendant does not object to a predicate conviction laid out in the PSR, the relevant paragraph in the PSR can be used to satisfy the Government's modest burden of proving the conviction. See United States v. Jiménez, 512 F.3d 1, 7 (1st Cir. 2007); Brown, 510 F.3d at 74. Although Torres is correct in pointing out that the record lacks a detailed description of his gun, the Government would probably have proffered such evidence had Torres lodged an objection to the PSR. This, in turn, would have allowed the district court to perform a fully informed § 5845 inquiry, and us

-12-

on appeal to review the court's inquiry.  It is precisely because of this sort of scenario that the forfeiture rule exists.

Under the circumstances of this case, we need not remand for resentencing so that the district court, with the benefit of additional evidence describing the gun, can perform the § 5845 inquiry.  Defendant has not met his burden of showing error or that any error was plain.  It is exceedingly unlikely that the unauthorized possession of a weapon described in the PSR as an "M-11 machine gun," and by the New Jersey court as an "assault weapon," could fail to meet the straightforward definition in § 5845(b).[4]  Cf. United States v. Golding, 332 F.3d 838, 840-43 (5th Cir. 2003) (per curiam) (holding that unlawful machinegun possession is a crime of violence).  We accordingly decline Torres's invitation to overturn the court's decision to count the New Jersey gun conviction as a career-offender predicate.

### D.  Effect of Kimbrough and Amendments to Crack-Cocaine Guidelines

In his last sentencing challenge, Torres argues that this case must be remanded for resentencing to take account of the U.S. Sentencing Commission's recent amendment to the Guidelines lowering the offense levels for certain crack-cocaine offenses,[5] as well as

---

[4]  We need not (and do not) decide today whether the possession of any assault weapon is per se a crime of violence for career-offender purposes, but merely that the district court's counting of the gun-possession conviction in this case was not plain error.

[5]  See supra note 1.

-13-

the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007), which postdated his sentencing. Yet as the Government argues and Torres concedes, what determined Torres's base offense level of thirty-four was the unamended statutory maximum for his crime -- forty years -- combined with the fact that he had sufficient predicate convictions to qualify him as a career offender. See 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 4B1.1(b)(B) (career-offender status combined with statutory maximum of twenty-five years or more yields base offense level of thirty-four). Thus, it would serve no purpose to remand for resentencing because, notwithstanding any salutary effect the Guideline amendment or Kimbrough may have had on Torres were he not a career offender, in this case the district court would still be compelled to assign him, as a career offender, a base offense level of thirty-four. See U.S.S.G. § 4B1.1(b)(B); see also Jiménez, 512 F.3d at 8-9. We accordingly reject this ground of appeal.

### III.  Conclusion

For these reasons, we affirm Torres's sentence.

**Affirmed**.

-14-