HOWARD, Circuit Judge,
dissenting in part.
I agree that the supervised release condition banning all home internet use is too broad. I dissent in part, however, because I believe the second supervised release condition — prohibiting Perazza-Mercado from possessing “pornographic materials” — survives plain error review.
In vacating the district court’s ban on pornography, the majority relies primarily on the ground that the condition lacks support in the evidentiary record because “[there is] no suggestion in the PSR or at sentencing that appellant had abused or even possessed pornography in the past, much less that it contributed to his offense or would be likely to do so in the future.”
The majority thus imposes a requirement that a supervised release condition must bear a more precise connection to a defendant’s past than our cases demand. Rather, as we have provided many times before, a supervised release condition need only be “reasonably” related to one of the four factors set forward in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d)(1); United States v. Prochner, 417 F.3d 54, 63 (1st Cir.2005); United States v. York, 357 F.3d 14, 17 (1st Cir.2004) (same); see also United States v. Smith, 436 F.3d 307, 311 (1st Cir.2006) (“[T]he critical test is not whether [] an offense-specific nexus exists but, rather, “whether the challenged condition is sufficiently related to one or more [of the four] permissible goals of supervised release.’ ”) (citing United States v. Brown, 235 F.3d 2, 6 (1st Cir.2000)); United States v. Bee, 162 F.3d 1232, 1235 (9th Cir.1998) (upholding ban on sexually stimulating material where defendant was convicted of sexually abusing a minor).
A ban on pornographic material is reasonably related to at least two goals of supervised release. Perazza-Mercado pled guilty to sexually abusing a minor. Accordingly, preventing him from accessing pornographic materials is reasonably related to both the goal of deterring future criminal conduct against minors and the goal of protecting the public against further crimes involving the exploitation of minors. See § 3553(a)(2)(B), (C). It was reasonable for the sentencing judge to think, and in my view the inference is rather obvious, that the general ban against pornography will provide a buffer against Perazza-Mercado acquiring child pornography. Furthermore, and again this hardly needed to be stated, allowing unfettered access to adult pornography could lead Perazza-Mercado — who has already evinced a predilection towards exploiting minors sexually — to places where *80 opportunities may exist to commit other crimes against minors.[21]
As the condition is reasonably related to the goals of supervised release, I am left with the majority’s apparent position that the fact of conviction in this case cannot constitute evidentiary support for the ban on pornographic material. I disagree with that position; it obligates us to ignore what is perhaps the most critical component of a defendant’s criminal history when reviewing supervised release conditions. In determining whether the imposed conditions are justified, we are not required to turn a blind eye to the fact that Perazza-Mercado admitted to sexually abusing a minor. United States v. Voelker, 489 F.3d 139, 150 (3d Cir.2007) (“Although the court did not provide us with an explanation for this condition [], the conduct the defendant admitted to offers some support for this restriction.”); see United States v. Brogdon, 503 F.3d 555, 565 (6th Cir.2007) (relying on defendant’s previous convictions to support the condition imposed); see also United States v. Jimenez-Beltre, 440 F.3d 514, 519 (1st Cir.2006) (establishing that a “court’s reasoning can often be inferred” by examining the record).
Aside from our disagreement about the significance of the fact of conviction, there is additional evidentiary support for the supervised release condition in this case. As part of his plea agreement, Perazza-Mercado admitted to past behavior which the majority acknowledges exemplifies a “pattern of illicit conduct toward young girls.” Even were we exercising an abuse of discretion standard of review, this evidence, in conjunction with the fact of conviction, justifies the supervised release condition at issue here. Therefore, I cannot agree that, on plain error review, allowing the ban on pornographic material to stand would seriously impugn the “fairness, integrity, or public reputation of judicial proceedings.” See United States v. Torres, 541 F.3d 48, 53 (1st Cir.2008).
The majority criticizes my approach as mandating a ban on the possession of adult pornography in every case where a defendant is convicted of a sexual offense with a minor. The criticism is misplaced. The Sentencing Guidelines, in § 5D1.3(a), establish mandatory conditions of supervised release. Other conditions, such as the one imposed here, are not mandatory but are permitted if justified. 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b). Such conditions of supervised release may be imposed in one case, without being required in all similar cases, even where there has been a conviction for sexually abusing a minor and a “pattern of illicit conduct toward young girls.” It is the province of a sentencing judge, who is closest to the case, to determine appropriate supervised release conditions. Our task here is to review whether the district court committed plain error in imposing the condition. In concluding that the district court did not commit plain error in imposing the additional condition as reasonably necessary, we would in no way be determining that the condition must be imposed in every similar case.[22]
*81 That said, I am uneasy about the sentencing court’s use of the undefined word “pornography.” The court prohibited the defendant from acquiring “pornographic material,” but did not elaborate on the extent of the condition’s reach. Nevertheless, in light of the lack of case law in this circuit, and the generic bans on pornography upheld in cases like United States v. Bee, 162 F.3d 1232 (9th Cir.1998)[23] and United States v. Boston, 494 F.3d 660 (8th Cir.2007),[24] I cannot say the district court plainly erred in imposing such a condition. See United States v. Griffin, 524 F.3d 71, 77 (1st Cir.2008) (recognizing that an error is “plain” if it is “obvious and clear under current law”); see also United States v. Gallo, 20 F.3d 7, 12 (1st Cir.1994) (noting that conditions of conditional release “may afford fair warning even if they are not precise to the point of pedantry” and “can be written — and must be read — in a eom-monsense way”).
I would be inclined to address this vagueness concern by imposing a limiting construction on the district court’s condition. See United States v. Schave, 186 F.3d 839, 843-44 (7th Cir.1999). A ban on pornographic materials depicting “sexually explicit” conduct, as defined in 18 U.S.C. § 2256(2)(A), would provide adequate notice to Perazza-Mercado about the condition’s grasp. But, in light of the majority’s remand of this condition, the district court will have the opportunity to consider not only the basis for the condition but also its scope.

. The majority mischaracterizes these opportunity concerns as based on "behavioral assumptions.”

. Were the majority’s criticism justified, it would appear to apply with equal force to our conclusion that a targeted limitation on internet use would be acceptable. We say that use of the internet may be restricted, even though "the internet did not play a role in the sexual misconduct which was the basis for [the] conviction.” This is so because "we must also consider Perazza-Mercado’s documented propensity for inappropriate behavior towards young girls” and research suggests "that convicted sex offenders are likely to reoffend.” Prohibiting access to internet pornography *81 sites and other forms of pornography provides a buffer against access to child pornography, questionable chat rooms and other avenues to illegality. Finding such a condition supportable as "reasonably necessary” in this case is no more of an across-the-board mandate than is a targeted internet limitation.

. The condition in Bee provided: "¡The defendant shall] not possess any sexually stimulating or sexually oriented material as deemed inappropriate by [his] probation officer and/or treatment staff, or patronize any place where such material or entertainment is available.” Id. at 1234.

. The condition in Boston provided: “[The defendant] shall not view or possess any form of pornography, sexually stimulating or sexually oriented material including books, videos, magazines, cut-outs or pornography of any kind as deemed inappropriate by the probation officer and/or treatment staff. [The defendant] shall not enter any location where pornography or erotica are the primary products for purchase. [The defendant] shall not enter any location where the primary function is to provide adult entertainment.” Id. at 667-68.