# United States Court of Appeals
## For the First Circuit

No. 09-1322

UNITED STATES OF AMERICA,

Appellee,

v.

WINSTON McGHEE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Lynch, Chief Judge,

Boudin and Howard, Circuit Judges.

J. Martin Richey, Federal Defender Office, on supplemental brief for appellant.
Nina Goodman, Appellate Section, Criminal Division, U.S. Department of Justice, Carmen Milagros Ortiz, United States Attorney, Timothy E. Moran, Assistant United States Attorney, Lanny A. Breuer, Assistant Attorney General, and Greg D. Andres, Acting Deputy Assistant Attorney General, on supplemental brief for appellee.

June 22, 2011

**BOUDIN, Circuit Judge**. Winston McGhee was convicted of drug crimes committed in July 2006 and at sentencing determined to be a career offender, U.S.S.G. § 4B1.1 (2008), based in part on a prior state youthful offender adjudication. On appeal, we affirmed both the conviction and the resulting sentence, United States v. McGhee, 627 F.3d 454, 461 (1st Cir. 2010), noting that the career offender designation was compelled by United States v. Torres, 541 F.3d 48 (1st Cir. 2008), cert. denied, 129 S. Ct. 1987 (2009).

McGhee then petitioned for panel rehearing and rehearing en banc to challenge Torres. The government then conceded that Torres' holding was incorrect, but it defended McGhee's sentence on other grounds. After consulting with the en banc judges, this panel granted panel rehearing to reconsider Torres ourselves--a practice occasionally used in this circuit in special circumstances[1]--the en banc request then being dismissed as moot.

Career offender status, which affects both the guideline range and criminal history category, requires that the defendant has committed "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The commentary on guideline section 4B1.2 ("Definitions of Terms Used in Section 4B1.1") provides that

---

[1]See United States v. Holloway, 630 F.3d 252, 255 n.2 (1st Cir. 2011); United States v. Dowdell, 595 F.3d 50, 62 n.8 (1st Cir. 2010); Gallagher v. Wilton Enters., Inc., 962 F.2d 120, 124 n.4 (1st Cir. 1992) (per curiam).

-2-

"'[p]rior felony conviction' means a prior <u>adult</u> federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." <u>Id.</u> § 4B1.2 cmt. n.1 (emphasis added).[2] It continues:

> A conviction for an offense committed at age eighteen or older is an adult conviction. <u>A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted</u> (<u>e.g.</u>, a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

<u>Id.</u> (emphasis added).

<u>Torres</u> held that a prior offense committed before age 18 could be counted towards career offender status <u>without</u> consideration of the state's classification of the offense. 541 F.3d at 51-52. It reached this conclusion because another application note to section 4B1.2 provides that "[t]he provisions of § 4A1.2 [governing criminal history generally] . . . are applicable to the counting of convictions under § 4B1.1." U.S.S.G. § 4B1.2 cmt. n.3.

_____

[2]"[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." <u>Stinson</u> v. <u>United States</u>, 508 U.S. 36, 38 (1993).

Sections 4A1.1 and 4A1.2 are concerned with counting and weighting sentences of imprisonment to establish a defendant's criminal history category--one of the two variables that fixes the guideline sentencing range; section 4A1.2(d) determines which sentences for offenses committed prior to age 18 should be excluded by asking whether defendant was "convicted as an adult" and what length and kind of sentence were imposed. An application note to section 4A1.2 states:

> Section 4A1.2(d) covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," this provision applies to all offenses committed prior to age eighteen.

§ 4A1.2 cmt. n.7 (emphasis added).

Because of the cross-reference, Torres assumed that this provision, governing the calculation of criminal history points, was sufficient to determine career offender predicates under section 4B1. And, as Torres had committed his latest offense within five years of what he claimed to be a juvenile offense, the

court held that it was "immaterial whether Torres was classified as an adult under [state] law."  541 F.3d at 52.

Although the maze of provisions is assuredly confusing, there is now a consensus that Torres misread them.[3]  For career offender purposes, a conviction for an offense committed before age 18 counts only if "it is classified as an adult conviction under the laws of" that jurisdiction, U.S.S.G. § 4B1.2 cmt. n.1; by contrast, ordinary criminal history is computed under section 4A1 by a different rule, which seeks more uniformity as to offenses committed before 18, id. § 4A1.2 cmt. n.7 (quoted above).

The career offender provision is the one at issue both in Torres and in this case.  Its specific and unqualified reliance on how the state "classified" the conviction cannot be undone by pointing to a general cross-reference in the career offender provisions to a different set of provisions, one of which (application note 7) takes a contrasting approach and counts for ordinary criminal history points juvenile convictions that occurred within five years of the later offense.  Torres is therefore no longer to be followed in this circuit.

---

[3]The Acting Solicitor General started down this line by calling the Torres theory "somewhat doubtful," Brief for the United States in Opposition at 10, Torres v. United States, 129 S. Ct. 1987 (2009) (mem.) (No. 08-8227), while defending the outcome on other grounds, and the government's brief responding to the petition for rehearing en banc in this case states that the Torres "holding misconstrues the career-offender provisions of the Sentencing Guidelines and should be corrected."

There is disagreement among the circuits on a related set of issues involving the interplay of the career offender provisions with application note 7,[4] but these divisions do not affect the outcome here, and it will be time enough to address them when they arise in a concrete case with briefing on the issue. What does remain to be decided in this case is whether McGhee's prior conviction critical to his designation as a career offender is "classified" as an "adult conviction" under Massachusetts law.

McGhee had two prior offenses counted towards his career offender determination, both committed prior to age 18: he was adjudicated delinquent as a youthful offender for armed robbery and assault with a deadly weapon committed when he was 15, and he was convicted in adult court of assault and battery with a dangerous weapon committed when he was 17.

McGhee objects only to counting the youthful offender adjudication for armed robbery, arguing that it is not "classified" as an adult conviction under Massachusetts law. In applying many provisions of the federal sentencing statutes and guidelines, the state's labels are not determinative; a uniform treatment is sought in federal sentencing, 28 U.S.C. § 991(b)(1)(B) (2006), and in

_____

[4]Compare United States v. Mason, 284 F.3d 555, 558-62 (4th Cir. 2002) (holding that an offense for which the defendant received an adult conviction but a juvenile sentence was not a career offender predicate), with United States v. Carrillo, 991 F.2d 590, 593-95 (9th Cir.), cert. denied, 510 U.S. 883 (1993) (holding that an adult sentence is any sentence imposed after an adult conviction).

-6-

various contexts the federal courts disregard state labels and employ a uniform federal test where terms like "burglary" or "felony" drive guideline calculations.[5]

Doubtless influenced by this case law, several circuits have sought to decide whether "an adult conviction" took place by applying solely objective criteria, framed by the federal courts, to the circumstances surrounding a state conviction, including the events underlying the conviction and factors such as the forum, procedure, sentence, and time served. E.g., United States v. Jones, 415 F.3d 256, 263-64 (2d Cir. 2005); United States v. Pinion, 4 F.3d 941, 944-45 (11th Cir. 1993).

However, the language of the commentary to the guideline in this instance does place more emphasis than has occurred in other contexts on whether the conviction is "classified" as an adult offense "under the laws of the jurisdiction" of conviction, U.S.S.G. § 4B1.2 cmt. n.1, undermining any presumption in favor of a federal standard that disregards state labels. See Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 119-20 (1983); United States

---

[5]See, e.g., United States v. DeLuca, 17 F.3d 6, 8-9 (1st Cir. 1994) (defining "extortion" for career offender status under sections 4B1.1 and 4B1.2); United States v. Aymelek, 926 F.2d 64, 71-72 (1st Cir. 1991) (defining "felony" for offense conduct under section 2L1.2(b)(1)); United States v. Unger, 915 F.2d 759, 762-63 (1st Cir. 1990), cert. denied, 498 U.S. 1104 (1991) (computing criminal history under section 4A1.2); see also Taylor v. United States, 495 U.S. 575, 590-92 (1990) (defining "burglary" for the purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2006)).

-7-

v. <u>Turley</u>, 352 U.S. 407, 411 (1957).  There may well be limits to how far state labels even here can override circumstances, but ours is not an extreme case.

Massachusetts law originally provided that defendants between 7 and 17 were subject only to adjudication as a delinquent child in the juvenile justice system, unless the court after a hearing transferred the defendant to the criminal justice system, finding that trial as an adult was appropriate.  Mass. Gen. Laws ch. 119, §§ 52, 58, 58B, 61 (1994) (amended 1996).  But prior to McGhee's offense, the transfer regime was repealed and a new category--"youthful offender"--was added, governing offenses except murder.  1996 Mass. Acts 898, 905.

Youthful offenders are those who, between 14 and 17, commit offenses for which adults could be imprisoned and also have been previously committed to the Department of Youth Services, have committed an offense involving the infliction or threat of serious bodily harm, or have committed certain firearms violations.  Mass. Gen. Laws ch. 119, § 52 (2008).  McGhee's offense could result in imprisonment for an adult and involved the threat of bodily harm, and so he was under Massachusetts law a youthful offender rather than merely a juvenile delinquent.

Youthful offenders may be indicted, Mass. Gen. Laws ch. 119, § 54, may suffer harsher sentences up to and including an adult sentence, <u>id.</u> § 58, and their records are open to the public,

id. § 60A; but jurisdiction of the matter remains in juvenile court, id. § 52, 58, and youthful offenders, like delinquent children, "as far as practicable, . . . shall be treated, not as criminals, but as children in need of aid, encouragement and guidance," id. § 53. The proceedings, the statute provides, "shall not be deemed criminal proceedings." Id.

A wholly objective assessment would conclude that in the armed robbery case McGhee was treated, in several respects, much like an adult: he was indicted, sentenced to an extended term of probation, and upon violations of probation was held twice in an adult jail. Yet, the venue was the Roxbury Juvenile Court, the probation was with the Department of Youth Services, and McGhee was released from the department's custody at age 21; and, of course, state law says that these are not "deemed criminal proceedings" under state law.

We conclude that Massachusetts has "classified" "youthful offender" adjudications differently from "adult convictions," and McGhee's adjudication is not a career offender predicate. Accord United States v. Pequero-Martinez, Criminal No. 10-10132-PBS, 2010 WL 4955587, at *2, *4 (D. Mass. Nov. 30, 2010). This is a judgment call, but Massachusetts' nomenclature clearly distinguishes between youthful offenders and adults, and to the extent that objective criteria apply, the treatment accorded under state law is significantly different than that given adult offenders.

-9-

At sentencing, the district court quite properly treated McGhee as a career offender because Torres bound it to do so, but we now must treat that retrospectively as error. However, the government argues that even if we reject its position that McGhee's disputed conviction was an adult conviction, the district court's error was harmless. This is a close call in light of remarks made by the district court at the sentencing, but on balance we think that a remand is still warranted.

Career offender status usually causes a significant increase in the guideline range, U.S.S.G. § 4B1.1, which even post-Booker often influences the final sentence, see United States v. Booker, 543 U.S. 220, 245-46 (2005). Here, McGhee's guideline range should have been 92 to 115 months, but it was increased to 210 to 262 months by the career offender designation. The district court granted a downward variance and sentenced him to 96 months' imprisonment.

In explaining the sentence, the district judge stated:

I thought this was a ten-year case, if that, and I, also, recognize that . . . [McGhee] was the subject of a substantial period of dead time . . . . Now, that suggests that I have to move outside of the Guideline system, and I do, by reference to the factors in Section 3553.

After subtracting 24 months of dead time during which McGhee was imprisoned awaiting trial in a case for which a nolle prosequi was ultimately entered, the court arrived at the 96-month sentence.

-10-

"[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992); see also Fed. R. Crim. P. 52(a). Given the transcript, McGhee's sentence might well have been the same regardless of the career offender designation, but we are not certain enough to find harmless error.

The government relies on United States v. Teague, 469 F.3d 205 (1st Cir. 2006). There, as here, the district court found the defendant to be a career offender but imposed a sentence well below the career offender range. This court disagreed with the designation but held the error harmless because the district judge had made clear that the designation had not mattered--only the circumstances of the prior crimes and Teague's overall criminal role had been considered. Id. at 209-10.

The district court in our case explained his variant sentence, which was well below the career guideline range, but we think the transcript is less clear than it was in Teague that the career offender designation was entirely irrelevant; that the sentence here was below the career offender range cannot alone be dispositive since the designation can be influential even if not

treated as controlling.  And it is easy enough to let the district court decide the matter for itself.

McGhee's sentence is <u>vacated</u> and the matter is <u>remanded</u> for resentencing.

<u>It is so ordered</u>.