# United States Court of Appeals
## For the First Circuit

No. 09-1542

UNITED STATES OF AMERICA,

Appellant,

v.

TIMOTHY GIGGEY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Chief Judge,

Torruella and Boudin, Circuit Judges.

Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellant.
James S. Hewes, by appointment of the court, for appellee.
Judith H. Mizner, Assistant Federal Public Defender, for the Federal Public Defender for the Districts of Massachusetts, New Hampshire and Rhode Island, Amicus Curiae.

December 14, 2009

**BOUDIN**, **Circuit Judge**.  This appeal is a sequel to our en banc decision in United States v. Giggey, 551 F.3d 27 (1st Cir. 2008), in which we remanded a criminal case for re-sentencing. Following the new sentence the government now appeals; it does not challenge the new sentence on the merits but requests that we ask the Sentencing Commission to clarify how courts ought properly to apply the Sentencing Guidelines to non-dwelling burglary.

The history of this case, elsewhere recounted, Giggey, 551 F.3d at 30-32; United States v. Giggey, 501 F. Supp. 2d 237 (D. Me. 2007), can be abbreviated.  On December 19, 2006, Giggey, along with his brother and a juvenile male, set out to burglarize a building in Lewiston, Maine.  To create a diversion, the three set a series of small fires in a nearby vacant building; but the fires spread and razed four neighboring buildings that had received funding pursuant to a federal rehabilitation grant from the Department of Housing and Urban Development.  Giggey pled guilty to maliciously destroying by fire a building owned by an organization that received federal financial assistance.  18 U.S.C. § 844(f) (2006).

During sentencing, the district court found Giggey to be a career offender, a category that embraces one who, being 18 or older, commits a felony that is a "crime of violence" (or a drug offense) as defined by the guidelines and has at least two other

such convictions. U.S.S.G. § 4B1.1(a); see also 28 U.S.C. § 994(h)

(2006). Section 4B1.2(a) of the guidelines states that:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[1]

This career offender designation increased Giggey's guidelines range from 63 to 78 months to 151 to 188 months. See U.S.S.G. § 4B1.1(b). Giggey's prior convictions supporting the designation were two earlier burglary convictions: one for the burglary of a garage in March 2000 for which Giggey received a two-year sentence with all but 90 days suspended, and the second for the burglary of a convenience store in June 2004 for which he received a 30-month sentence with all but four months suspended.

At the time of his initial sentence, the district court in designating Giggey a career offender was constrained by First

---

[1]The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which has other sentencing consequences not here relevant, uses similar language to define the phrase "violent felony" except that the term "burglary" is not qualified by the phrase "of a dwelling." Id. § 924(e)(2)(B). In other respects cases construing the statute are also frequently authority as to the guideline. See United States v. Pratt, 568 F.3d 11, 19 n.7 (1st Cir. 2009).

-3-

Circuit precedent holding that non-residential burglaries were per se crimes of violence. See United States v. Sawyer, 144 F.3d 191, 195-96 (1st Cir. 1998); United States v. Fiore, 983 F.2d 1, 4-5 (1st Cir. 1992), cert. denied 507 U.S. 1024 (1993). Nevertheless, in sentencing Giggey as a career offender, the district judge--pointing to developments since Sawyer and Fiore--urged this court to reconsider the holding of those cases. Giggey was sentenced to 95 months' imprisonment, a downward variance from the Guidelines range based on statutory factors. 18 U.S.C. § 3553(a).

Giggey appealed, and this court en banc overruled Sawyer and Fiore, holding that the district court had to examine, using a categorical approach, whether the predicate offenses "present[ed] a serious potential risk of physical injury." See Giggey, 551 F.3d at 38-39. On remand, the district court held that Giggey's prior burglary offenses did not pose such a danger and that he was not a career offender. Giggey was then sentenced to 42 months' imprisonment, reflecting cooperation with the government and time spent being held on state charges. The government now appeals.

Under the categorical approach adopted by the Supreme Court and repeatedly reaffirmed,[2] career offender designation depends not on the conduct of the defendant in the case at hand but

---

[2]See Taylor v. United States, 495 U.S. 575, 600-02 (1990); Chambers v. United States, 129 S. Ct. 687, 690-93 (2009); Begay v. United States, 128 S. Ct. 1581, 1584 (2008); James v. United States, 550 U.S. 192, 201-02 (2007); Shepard v. United States, 544 U.S. 13, 17 (2005).

on whether the _offense_ of conviction is one of those identified in the relevant statute or guideline. As _Taylor_ explained, sentencing courts may "look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." 495 U.S. at 600. _Accord_ _Begay_, 128 S. Ct. at 1584 ("In determining whether this crime is a violent felony, we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.").

In other words, if the crime is one identified in the statute or guideline--such as arson or extortion, U.S.S.G. § 4B1.2(a)(2)--it counts as one of violence for career offender purposes, regardless of whether the defendant's own conduct was actually violent. And if the defendant's crime does not have the use of force as an enumerated element and is not an enumerated crime or within the residual clause, it is irrelevant that the defendant committed it in a violent way. The key is the crime committed, not the facts of the particular event.

In implementing this approach, the first step is to identify the offense of conviction. Where the statute covers multiple crimes--as where it is divided into categories--it is sometimes difficult to tell which subordinate crime is the offense of conviction; for this purpose alone, it is permissible to consult

a restricted set of sources (e.g., indictment, plea colloquy, jury instructions) to answer this question. Shepard, 544 U.S. at 26; Taylor, 495 U.S. at 602. But such information is permissibly used not to determine whether the defendant committed the crime in a way that involved or threatened violence, but merely to help decide which offense he was convicted of by trial or plea.

The Maine statute embracing Giggey's prior crimes broadly defines burglary to cover one who "enters or surreptitiously remains in a structure, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein," but it then sub-categorizes burglaries, each of which is a separate crime carrying a different penalty. Me. Rev. Stat. Ann. tit. 17-A, § 401 (2000). Giggey pled in both of the earlier cases to a class C burglary and so this is the offense that must be classified under the guideline; unlike Shepard there is no uncertainty here as to which offense Giggey pled to.

Class C burglaries as defined under Maine law are a residual category which, by contrast to class A or B burglaries, do not involve firearms, other dangerous weapons, entry into dwellings or the infliction or attempt to inflict bodily injury. See Giggey, 551 F.3d at 44 (Lipez, J., concurring in judgment). Accordingly, a class C burglary does not have as an element physical force against another, nor is it one of the crimes (such as burglary of a dwelling) expressly named in the guideline. The question then is

-6-

whether the class C burglary <u>viewed categorically</u> creates a risk of physical injury comparable to that of the crimes listed in section 4B1.2(a)(2) of the guidelines. <u>Begay</u>, 128 S. Ct. 1585.

Admittedly this comparability question may be difficult, but answering it is what the categorical approach entails. By "comparable," the Supreme Court means that the offense must be "roughly similar, in kind as well as in degree of risk posed." <u>Begay</u>, 128 S. Ct. at 1585. <u>James</u> resolved a related burglary issue by common sense and analogy, 550 U.S. at 203-05; in <u>Begay</u>, the Court found that DUI was different in the way or manner the risk was produced and, unlike the listed crimes, did not involve "purposeful, violent, and aggressive conduct." 128 S. Ct. at 1586 (internal quotation marks omitted). Most recently, <u>Chambers</u> followed a similar approach. 129 S. Ct. at 692-93.[3]

In this appeal, the government has not argued for reversal on the grounds that the district court mis-identified the crime of conviction, that it mis-assessed the risk presented by the nature of class C burglary or that it improperly considered evidence of Giggey's specific conduct. Instead, it urges our court

---

[3]In <u>Chambers</u> the court held that failure to report for imprisonment does not satisfy ACCA's physical force, enumerated crime, or serious potential risk of physical injury requirements, and is crime of inaction, not purposeful violent and aggressive conduct; in reaching this result the Court rejected the government's argument that three individual cases showed violence by reference to United States Sentencing Commission report. 129 S. Ct. at 691-93.

to stay the government's appeal and request the Sentencing Commission to clarify whether non-dwelling burglary is a "crime of violence" for career offender purposes.  Conceivably we could do so, although no exact precedent for this course is cited.  Cf. United States v. Gondek, 65 F.3d 1, 4 (1st Cir. 1995) (advising the Commission of a recurring problem after decision).

However, the Commission has been aware for some time of the debate about non-dwelling burglaries and, even if it chose to amend or clarify its existing guideline, that is usually a lengthy process.[4]  Further, it is not clear what help the Commission would be likely to furnish where, under Taylor's approach, we face the task of assessing the comparability of the risk of an offense as defined by a particular state statute.  No doubt the Commission could amend its guideline to enlarge or narrow its coverage, but an enlargement would not apply retroactively and a narrowing would not change the result in this case.

Because there is no specification of error by the government directed to the district court's reasoning or findings and the government's alternative request that we consult the Commission is unpromising, we dismiss the appeal.

_____

   [4]As we explained in Giggey's first appeal, the Commission had two opportunities to make a definitive statement as to whether non-residential burglaries should be enumerated as crimes of violence; it considered proposals in 1992 and 1993 to amend § 4B1.2 and its commentary to provide a definitive answer, but each proposal failed. Giggey, 551 F.3d at 34-35.

<u>It is so ordered</u>.