# United States Court of Appeals
## For the First Circuit

No. 09-2086

UNITED STATES OF AMERICA,

Appellee,

v.

MATTHEW DAVIS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard Stearns, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter,[*] Associate Justice,
and Stahl, Circuit Judge.

Paúl Camarena, by Appointment of the Court, for appellant.
John A. Wortmann, Jr., Assistant United States Attorney, with whom Carmen M. Ortiz, United States Attorney, and Dina Michael Chaitowitz, Assistant United States Attorney, were on brief, for appellee.

April 12, 2012

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**STAHL, <u>Circuit Judge</u>**.  Defendant-appellant Matthew Davis was sentenced as a career offender pursuant to § 4B1.1 of the United States Sentencing Guidelines.  While Davis's appeal of his sentence was pending, we decided two cases that affected which types of Massachusetts convictions could be considered predicates for career offender status under § 4B1.1.  <u>See</u> <u>United States</u> v. <u>McGhee</u>, 651 F.3d 153 (1st Cir. 2011); <u>United States</u> v. <u>Holloway</u>, 630 F.3d 252 (1st Cir. 2011).  Regardless of these changes in the law, however, Davis cannot meet the exigencies of the plain error test in challenging his classification as a career offender, and we therefore affirm.

## I. Facts & Background

We recite only the facts relevant to this sentencing appeal.  On February 24, 2008, Davis, then nineteen years old, was arrested on an outstanding warrant.  Upon searching Davis, the Boston police found in his possession four bags containing small amounts of cocaine base and one bag of marijuana.  He was subsequently charged with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and with aiding and abetting, in violation of 18 U.S.C. § 2, in the United States District Court for the District of Massachusetts.  On April 9, 2009, after the district court denied his motion to suppress, Davis pled guilty to the first count.  At the change of plea hearing, the assistant United States attorney (AUSA) stated that Davis qualified

as a career offender under the sentencing guidelines based on two prior convictions for crimes of violence.  See U.S.S.G. § 4B1.1. In its colloquy with Davis, the district court added the following:

> You heard reference to the Career Offender Guideline.  This is a guideline that automatically escalates, based on a person's prior conviction, a person's Criminal History Category to the highest, which is Category VI, and it typically results in a sentencing range like the one that [the AUSA] described, in the 150-or-so-month area.  This is not a mandatory minimum sentence, however.  This is an advisory recommendation to the Court.  So I still have to decide whether that is appropriate or excessive in your case when we actually get to sentencing in this matter.  Do you feel you understand how the process is going to work?

Davis responded in the affirmative.  Davis did not object to the characterization by the AUSA or by the court that he was a career offender under § 4B1.1, and he did not contest the AUSA's assertion that he had two prior convictions for crimes of violence.

In the Presentence Report (PSR) dated July 2, 2009, the probation officer summarized Davis's criminal history, including juvenile adjudications for resisting arrest and assault and battery.  The PSR also detailed two adult convictions, both from 2006: one for assault and battery and a second for resisting arrest.  Each adult conviction contained a description of the crime culled from a police report.  In its description of the 2006 assault and battery, the PSR stated that the "defendant struck the other student above the left eye, tearing the skin and causing it

-3-

to bleed heavily." The PSR concluded that, because of the two adult convictions, Davis met the prerequisites for career offender status and that his criminal history category would therefore be Category VI, rather than the Category V that would have been established by his ten criminal history points. The PSR noted that Davis had filed no objections to the report.

Also on July 2, 2009, the government filed its sentencing memorandum. In describing Davis's criminal history, the government referred extensively to the PSR and to police reports detailing Davis's past conduct. The government attached the relevant police reports, as well as various affidavits and news articles. It did not, notably, attach copies of Davis's various convictions or any other equivalent materials demonstrating the outcome or character of the charges brought against him. The government's memorandum asserted that the probation office had correctly determined that Davis was a career offender under the sentencing guidelines based on having been twice convicted of crimes of violence. The government argued for a sentence of 96 months, rather than the guidelines' advisory recommendation of 151-188 months for a career offender in Davis's position, due to Davis's youth and the relatively non-serious nature of the predicate offenses. On July 7, 2009, Davis filed a sealed motion for downward departure, in which he made no objection to his classification as a career

offender or to the PSR's characterization of his adult convictions. Davis argued that 38 months would be a reasonable sentence.

At the sentencing hearing, which took place on July 9, 2009, the district court recognized that "because of the operation of the career offender provision," Davis's advisory sentence for "what would have been a small drug offense" ballooned to 151-188 months.[1] The government again characterized Davis as a career offender and emphasized his juvenile record and gang involvement, while continuing to recommend a sentence of 96 months. Davis did not contest the government's characterization of his record and maintained his request for a sentence of 38 months. The district court, implicitly classifying Davis as a career offender by recognizing the 151-month advisory sentence as a starting point, ultimately sentenced Davis to 84 months' imprisonment. In the statement of reasons attached to the judgment, dated August 3, 2009, the district court adopted the PSR without change. Davis timely appealed his sentence.[2]

---

[1] On appeal, Davis asserts that his recommended sentencing range would have been 21-27 months without the career offender classification.

[2] We briefly note the developments in this case once it reached this court. Davis's case was docketed in August 2009. On December 15, 2009, the court appointed appellate counsel. On July 12, 2010, Davis's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), seeking to withdraw because he "could not discern a non-frivolous basis for appeal." On February 3, 2011, this court denied the motion to withdraw, citing our January 21, 2011 decision in United States v. Holloway, 630 F.3d 252, 262 (1st Cir. 2011) (holding that Massachusetts assault

## II. Discussion

Davis's appeal centers around the use by the district court of the career offender provision of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. Under § 4B1.1, a defendant is considered a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. § 4B1.1(a). Once a defendant is classified as a career offender under § 4B1.1(a), his "criminal history category in every case" is elevated to the highest category, Category VI. Id. § 4B1.1(b).

Davis's claim on appeal is that he was sentenced as a career offender under § 4B1.1 in error. Considering him to be a career offender, the district court calculated Davis's advisory sentencing range as 151-188 months, though it ultimately imposed a

and battery does not categorically qualify as a career offender predicate), and ordered further briefing on the implications of that case. On April 19, 2011, still discerning no proper basis for appeal, Davis's counsel filed a second Anders brief in support of his motion to withdraw. On June 29, 2011, we again denied his motion, based in part on our June 22, 2011 decision in United States v. McGhee, 651 F.3d 153, 158 (1st Cir. 2011) (holding that Massachusetts youthful offender violations do not qualify as career offender predicates). In that order, we explicitly directed Davis to address whether his Holloway claim could overcome the plain error standard.

sentence of 84 months; Davis claims that without the career offender classification, the advisory range would have been 21-27 months. There is no dispute that Davis satisfied the first two elements of § 4B1.1; Davis was nineteen years old at the time of his arrest, and possession of cocaine base with intent to distribute is clearly a controlled substance offense. Therefore, the only issue before us is whether the third element was met, that is, whether Davis had two predicate felony convictions for crimes of violence or controlled substance offenses.

First, nothing in Davis's juvenile record qualifies as a career offender predicate, as Massachusetts does not consider youthful offender determinations to be adult convictions. See United States v. McGhee, 651 F.3d 153, 158 (1st Cir. 2011). On the other hand, it is just as evident that Davis's 2006 adult conviction for resisting arrest serves as a predicate offense. We have previously held that a Massachusetts conviction for resisting arrest categorically qualifies as a crime of violence for purposes of § 4B1.1. See United States v. Almenas, 553 F.3d 27, 33-34 (1st Cir. 2009); see also United States v. Weekes, 611 F.3d 68, 72-73 (1st Cir. 2010) (holding that a Massachusetts conviction for resisting arrest qualifies as a predicate conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(e)). Davis's 2006 adult conviction for resisting arrest falls squarely within the category

of crimes of violence that may serve as predicate offenses for purposes of career offender status.

The only item left in Davis's criminal history which could act as a qualifier for career offender status is his 2006 adult conviction for assault and battery. Whether this conviction may serve as his second predicate offense merits careful consideration due to recent changes in our circuit precedent.

To determine whether a defendant's prior offense qualifies as a crime of violence under § 4B1.1, a sentencing court must employ a categorical approach, examining the legal definition of the crime and not the defendant's particular conduct in committing the offense. Holloway, 630 F.3d at 256 (citing Begay v. United States, 553 U.S. 137, 141 (2008)).[3]

The first step in undertaking the categorical approach is to identify the offense of conviction. Id. (citing United States

---

[3] While Holloway and Begay analyze the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and this case involves the career offender provision under U.S.S.G. § 4B1.1, we use the same framework to undertake our analysis. "[T]he circumstances under which a Massachusetts simple assault and battery conviction will qualify as a predicate conviction for a 'crime of violence' under the career offender provision of the U.S. Sentencing Guidelines" and the circumstances when such a conviction will qualify as a "violent felony" under the ACCA are "nearly identical," and "[b]ecause of this, 'decisions construing one term inform the construction of the other.'" Holloway, 630 F.3d at 254 n.1 (quoting United States v. Willings, 588 F.3d 56, 58 n.2 (1st Cir. 2009)); see also United States v. Bryant, 571 F.3d 147, 154 n.2 (1st Cir. 2009) (citing United States v. Giggey, 551 F.3d 27, 38 (1st Cir. 2008)) (noting that the categorical approach is generally applicable to career offender guideline cases).

v. Giggey, 589 F.3d 38, 41 (1st Cir. 2009)). Where the crime of conviction covers multiple offenses, some of which are considered crimes of violence and some of which are not, a court must examine certain approved documents to determine the offense of which the defendant was actually convicted. Id. at 257 (citing Shepard v. United States, 544 U.S. 13, 26 (2005)). A court may look to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26. A court may not, however, rely on police reports. Id. at 21-23. If, after examination of these permissible documents, "it is impossible to tell whether the defendant was convicted of a violent or non-violent offense," the conviction may not serve as a predicate offense. Holloway, 630 F.3d at 257.

Here, Davis was convicted of assault and battery under Mass. Gen. Laws ch. 265, § 13A, which covers multiple offenses: "(1) harmful battery; (2) offensive battery; and (3) reckless battery."[4] Id. (citing Commonwealth v. Boyd, 897 N.E.2d 71, 76 (Mass. App. Ct. 2008)). At the time of Davis's sentencing, the boilerplate charging language for a Massachusetts assault and

---

[4] The three types of assault and battery are defined not by the statute but by Massachusetts common law. Holloway, 630 F.3d at 257 n.4 (citing United States v. Mangos, 134 F.3d 460, 463 (1st Cir. 1998)).

battery conviction ("did assault and beat") was sufficient to show that the conviction was for a crime of violence. See id. However, we recently determined that reckless battery is not a crime of violence. Id. at 261-62. Harmful battery, on the other hand, requires that "the defendant intentionally touched the victim with such violence that bodily harm [wa]s likely to result," id. at 259 n.5 (quoting Commonwealth v. Burke, 457 N.E.2d 622, 624 (Mass. 1983)) (internal quotation marks omitted), and is still considered a predicate offense for career offender status, id. at 257 (citing United States v. Rivera, 562 F.3d 1, 1 (1st Cir. 2009)). Thus, post-Holloway, a court must determine from the Shepard-approved documents in the record whether the type of assault and battery for which a defendant was convicted qualifies as a predicate offense for career offender status. See id. at 262.

Unavailable in this record are "the terms of the charging document [or] the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." Shepard, 544 U.S. at 26. A court may, however, look into the character of an offense based on "some comparable judicial record." Id. The only evidence offered before the district court describing the particulars of the 2006 assault and battery was the relevant section of the uncontested PSR; the PSR's summary, based on a police report, stated that Davis had "struck the other student above the left eye,

-10-

tearing the skin and causing it to bleed heavily." We are left then to contemplate whether it was proper for the district court to conclude that Davis was a career offender in reliance on the characterization of the assault and battery contained in the uncontested PSR.[5]

While we would review de novo a preserved claim regarding the conclusion as to whether a prior conviction could serve as a career offender predicate, Holloway, 630 F.3d at 256, where, as here, a defendant fails to object to the characterization of that offense, our review is for plain error, United States v. Torres-Rosario, 658 F.3d 110, 115-16 (1st Cir. 2011). Where a defendant has not raised a claim before the sentencing court but when the law has changed between the time of sentencing and the time of appeal, we still review for plain error. United States v. Dancy, 640 F.3d 455, 464-65 (1st Cir. 2011); see also Torres-Rosario, 658 F.3d at 116 (holding that career offender status premised on a conviction of assault and battery under Massachusetts law, conceded at sentencing, could be reviewed for plain error in light of our intervening decision in Holloway). We therefore examine the district court's determination that Davis qualified as a career offender under § 4B1.1 for plain error,

---

[5] The description in the PSR, if taken at face value, would almost certainly be sufficient to show that Davis "intentionally touched the victim with such violence that bodily harm [wa]s likely to result," Holloway, 630 F.3d 259 n.5 (internal quotation marks omitted), thus meeting the requirements for harmful battery.

meaning that Davis must show "error, plainness, prejudice to the defendant and the threat of a miscarriage of justice." Torres-Rosario, 658 F.3d at 116.

After Holloway, "treating a Massachusetts assault and battery conviction as a [career offender] predicate, without further evidence of violence, is now plain error." Id. at 116 (emphasis added). But because the description in the PSR might constitute such further evidence, this case does not neatly fall within the plain error standards we set in Torres-Rosario.[6] However, we need not decide whether there was plain error here

---

[6] We have never squarely addressed whether reliance on a PSR under these circumstances is proper. Davis did not object to the PSR's characterization of the 2006 assault and battery offense. While police reports themselves are not permissible Shepard materials, we have previously indicated in dicta that we would approve of the use of a PSR's summary of police reports to support the characterization of a predicate offense when the defendant did not object to the PSR. See United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007) ("Where, as here, the characterization of an offense contained in a presentence report is not disputed before the sentencing court, the report itself is competent evidence of the fact stated and, thus, is sufficient proof of that fact."). Further, in cases involving concessions by a defendant to a characterization of a predicate offense (as opposed to a mere failure to object, as we have here), we have found no plain error. See United States v. Ríos-Hernández, 645 F.3d 456, 463 (1st Cir. 2011) ("Given this apparent acquiescence to the characterization of the prior convictions as crimes of violence and the lack of objection to the court's reliance on the PSI as a source of information about the nature of the prior convictions, we cannot say that it would have been clear and obvious to the district court that it should have conducted the categorical approach and possibly probed further into the record of conviction."); United States v. Mastera, 435 F.3d 56, 61-62 (1st Cir. 2006) (error was not "clear or obvious at the time of appellate consideration" where defendant conceded to specific character of career offender predicate in sentencing memorandum).

under the first and second prongs of the test, because Davis surely fails to meet the third prong. See United States v. Turbides-Leonardo, 468 F.3d 34, 39 (1st Cir. 2006) ("[A] party asserting plain error must carry the devoir of persuasion as to all four elements of the formulation.").

The prejudice prong of the plain error test requires that a defendant show that the plain error affected his substantial rights, meaning that the error was prejudicial and "affected the outcome of the district court proceedings." Id. (quoting United States v. Olano, 507 U.S. 725, 734 (1993)). In the context of a sentencing appeal, it is a defendant's burden to show "circumstances indicating a reasonable probability that, but for the error, the district court would have imposed a different, more favorable sentence." Id. Here, Davis has made no argument that the assault and battery was anything other than the harmful type, doing nothing, even on appeal, to question the description provided in the PSR or to argue that appropriate Shepard materials would prove that he committed a non-harmful battery.[7] Therefore, his burden of persuasion is not met, and regardless of whether there was plain error, Davis cannot overcome the prejudice prong of the

---

[7] In our order of June 29, 2011, we directed Davis to address the plain error standard. His counsel failed to do so. However, when questioned at oral argument regarding any potential prejudice to Davis based on the district court's failure to undertake the categorical approach or to examine the character of Davis's 2006 assault and battery conviction, Davis's counsel could not point to any.

plain error test.  See id. at 40 ("With no articulation, let alone substantiation, of what the record of conviction might reveal, there is no way for the appellant to show a reasonable probability that he would be better off from a sentencing standpoint had the district court not committed the claimed Shepard error.").  Davis has not shown a reasonable probability that, absent any alleged Shepard error, the district court would not have been able to use the career offender guideline as a starting point from which to calculate his sentence.  We therefore end our analysis here.

### III. Conclusion

Because Davis cannot overcome the requirements of plain error review, we affirm the district court.