# United States Court of Appeals
## For the First Circuit

No. 13-1730

UNITED STATES OF AMERICA,

Appellee,

v.

WILSON SERRANO-MERCADO,

Defendant, Appellant.

Before

Howard, <u>Chief Judge</u>,
Torruella, Lynch, Lipez, Thompson, Kayatta and Barron,
<u>Circuit Judges</u>.

**ORDER OF COURT**
**Entered:   May 24, 2016**

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and the petition for rehearing en banc be <u>denied</u>.

**TORRUELLA and THOMPSON, <u>Circuit Judges</u>, dissent from denial of en banc rehearing.**

**LIPEZ**, **<u>Circuit Judge</u>**, **joined by TORRUELLA and THOMPSON, <u>Circuit Judges</u>, Statement Re Denial of En Banc Review.**   I write to record my deep disappointment that a

majority of the active judges of this court have denied appellant's compelling petition for en banc review, which raises a question of exceptional importance that has split the circuits. Their refusal to reconsider this case en banc is all the more disconcerting in light of the Supreme Court's recent decision in Molina-Martinez v. United States, No. 14-8913 (U.S. Apr. 20, 2016), which significantly changes the precedential landscape on plain error in sentencing. As appellant argues, Molina-Martinez undermines this court's cases requiring the defendant, on plain error review, to produce affirmative evidence that he would have received a more favorable sentence.

Importantly, the underlying issue -- prolonged incarceration, erroneously imposed -- implicates the growing national concern over excessively long imprisonment. This is not a technical debate over arcane legal doctrine. At stake are years in the lives of individuals who, albeit convicted felons, are serving enhanced sentences that are unjustified on the records before the court. I had hoped that even those colleagues who question the view of the law expressed in my concurrence, see United States v. Serrano-Mercado, 784 F.3d 838, 850-61 (1st Cir. 2015), would have acknowledged the need for the en banc process to consider the views of other courts, now including the Supreme Court's decision in Molina-Martinez, so that we could -- at a minimum -- clarify the inconsistencies in our own precedent concerning the proper plain error analysis for sentencing errors such as occurred in this case. Because my colleagues have rejected that deliberation, the defendant must now look to the Supreme Court for relief.

The question presented by the petition arises when a sentencing judge relies on a defendant's past convictions as a basis for enhancing his current sentence, pursuant to the Armed

Career Criminal Act ("ACCA") or the United States Sentencing Guidelines.[1]   If a past conviction

was under a "divisible" statute -- i.e., a statute that criminalizes different types of conduct, only

some of which may trigger the enhancement -- the sentencing court must apply the so-called

modified categorical approach to determine the particular version of the crime that underlies the

defendant's conviction.   Descamps v. United States, 133 S. Ct. 2276, 2283-84 (2013).   If the

prior conviction is not shown to rest on qualifying conduct -- in this instance, violence -- it may

not be used as a sentencing "predicate."[2]   To determine the nature of the conviction, the court

may consult a limited set of approved records, including charging documents, plea agreements,

jury instructions, and verdict forms.   United States v. Ramos-González, 775 F.3d 483, 505 (1st

Cir. 2015); see also Shepard v. United States, 544 U.S. 13, 26 (2005) (listing the acceptable

records, often described as "Shepard materials").[3]

Indisputably, the government bears the burden of establishing the nature of a predicate

conviction under a divisible statute before the offense may be used for aggravated punishment.

See United States v. Dávila-Félix, 667 F.3d 47, 57 (1st Cir. 2011).   If the government does not

---

[1] Under the ACCA, predicate convictions may trigger mandatory minimum sentences. See, e.g., Shepard v. United States, 544 U.S. 13, 15 (2005) (noting that the ACCA mandates a minimum 15-year sentence after three convictions for serious drug offenses or violent felonies). Under the Guidelines, a defendant may be designated a career offender, subjecting him to an elevated offense level and the likelihood of greater punishment, if he has two prior felony convictions for a violent crime or controlled substance offense.   See U.S.S.G. §§ 4B1.1, 4B1.2.

[2] The conviction is off limits when inquiry reveals that the crime was not of the violent type or if the court is unable to ascertain the variant of the crime underlying the conviction.   See United States v. Davis, 676 F.3d 3, 8 (1st Cir. 2012).

[3] As noted in my concurrence, the prior conviction also may be confirmed as an eligible predicate by concession of the defendant or through a legal interpretation that classifies every variant of the crime as qualifying.   See Serrano-Mercado, 784 F.3d at 855.

make that showing, and the sentencing court nonetheless relies on the conviction, the court has erred.   If the defendant did not object to use of the conviction when he was sentenced, plain error review will apply if he challenges the enhancement on appeal.   The nature of that review is the question raised by appellant's petition: How does the government's burden to establish that a conviction under a divisible statute qualifies as a predicate offense intersect with the defendant's burden to show plain error?

Our circuit's law contains two strains of analysis for determining whether reversible plain error occurred when a sentencing court improperly used a conviction under a divisible statute as a predicate for enhancement: one in which we have held the government to its burden of proving the conviction's eligibility, see, e.g., id. at 57, and one in which we have not, see, e.g., United States v. Turbides-Leonardo, 468 F.3d 34, 39-40 (1st Cir. 2006).   The circuits also have been divided on whether the defendant or government should bear the burden of production in the plain error context.   See Serrano-Mercado, 784 F.3d at 848-49 (panel opinion) (listing decisions by the Third, Tenth, and D.C. Circuits as consistent with the panel approach, and decisions by the Second, Fifth, Eighth, and Ninth Circuits as consistent with the concurrence's proposed approach), 856 (Lipez, J., concurring) (also noting Fourth Circuit case as consistent with concurrence's view).

The focus of our precedent is on the prejudice prong of the plain error analysis.   In this case, the panel shifted the burden to the defendant to prove that, but for the sentencing judge's improper reliance on the specified conviction, it is reasonably probable that he would have received a lesser sentence.   Id. at 851 (Lipez, J., concurring).   Hence, in effect, this precedent conditions a finding of prejudice on the defendant's ability to produce Shepard materials revealing that his conviction was for a non-violent offense.

The animating principle of the modified categorical approach, however, is that enhanced sentencing is improper unless the government proves that the defendant's criminal history justifies such severe punishment. As I have explained, requiring the defendant to disprove his eligibility for an enhancement creates a serious risk of a longer prison term than is justified. See id. at 856 (Lipez, J., concurring) (noting that Shepard materials revealing the nature of the conviction may be inaccessible or no longer exist, and thus would be unavailable to a defendant). It is an unnecessary risk. As other circuits have concluded, the simple, fair alternative is a remand for resentencing once the defendant shows that the court improperly lengthened his sentence in reliance on a conviction under a divisible statute without determining whether that conviction qualifies as an aggravating predicate on the basis of the appropriate documentation.

Resentencing should virtually always occur in such cases because the court's unsupported assumption that a conviction under a divisible statute qualifies as a predicate constitutes error that easily satisfies all four prongs of the plain error inquiry. See id. at 856-57 (Lipez, J., concurring) (stating the requirements: (1) error that is (2) plain and (3) prejudicial, resulting in (4) a miscarriage of justice). The error is plain because the law is clear that a conviction under a divisible statute, unelaborated by the government with approved records, is unusable for enhancement purposes if the statute criminalizes both qualifying and non-qualifying conduct. See Descamps, 133 S. Ct. at 2283. The prejudice and miscarriage of justice are inescapable: the defendant has received additional prison time without a proper foundation.

Moreover, as the Supreme Court has now expressly recognized, the burden on the court to remedy an error such as this is small. See Molina-Martinez, slip op. at 15 ("[E]ven when a Court of Appeals does decide that resentencing is appropriate, 'a remand for resentencing, while not

costless, does not invoke the same difficulties as a remand for retrial does.'" (quoting United States v. Wernick, 691 F.3d 108, 117-118 (2d Cir. 2012), and United States v. Sabillon-Umana, 772 F.3d 1328, 1334 (10th Cir. 2014) (stating that the "cost of correction is . . . small" because "[a] remand for sentencing . . . doesn't require that a defendant be released or retried").   The government will have the opportunity on remand to produce supporting documents and seek reinstatement of the enhancement.   If the government cannot do so, the enhancement cannot -- and should not -- be applied.   See Davis, 676 F.3d at 8 ("If, after examination of the[] permissible documents, it is impossible to tell whether the defendant was convicted of a violent or non-violent offense, the conviction may not serve as a predicate offense." (internal quotation marks omitted)).

Yet, under the approach applied by the panel, and supported by First Circuit precedent, a defendant must serve years of additional prison time unless he comes forward with proof that his conviction does not qualify as a triggering predicate.   This shift of responsibility, allowing an enhanced sentence to remain in place if a defendant cannot disprove its correctness, turns on its head the Supreme Court's modified categorical approach, a methodology specifically "designed to ensure that prolonged sentences are justified."   Serrano-Mercado, 784 F.3d at 860 (Lipez, J., concurring).

Indeed, the Supreme Court's discussion of plain error in Molina-Martinez, also focusing on the prejudice prong of the inquiry, implicitly rejects this line of First Circuit law.   In Molina-Martinez, the Court confronted a Fifth Circuit rule requiring a defendant who belatedly identifies a Guidelines error, and whose sentence is nonetheless within the correct Guidelines range, to produce "additional evidence" -- i.e., more than the error itself -- to show that the error in fact affected his sentence.   Molina-Martinez, slip op. at 1.   Striking down this "rigid" rule, the Court

- 6 -

stated that, "when a defendant shows that the district court used an incorrect range, he should not be barred from relief on appeal simply because there is no other evidence that the sentencing outcome would have been different had the correct range been used."  Slip op. at 2, 11.  The Court acknowledged the possibility that the government could produce evidence showing that the sentence, in fact, would not have differed.  But the significant holding with respect to the case before us is that certain types of plain error entitle the defendant to a remand for resentencing without any affirmative showing of probability of changed outcome required of the defendant, beyond the error itself.

The error here inescapably falls within that category.  When a court treats a conviction under a divisible statute as a predicate offense without proof that the conviction qualifies as a predicate, thereby elevating the Guidelines range (or triggering the ACCA mandatory minimum) without the requisite evidentiary support, an obvious and prejudicial error has occurred.  Because the enhancement cannot be applied without proof of a qualifying prior conviction, the defendant's obligation in the trial court is simply to note the absence of proof, not to proffer documents proving the conviction is inapplicable.  Under the approach used by the panel in this case, Serrano's failure to make that simple objection transferred the duty of production to him on plain error review.  It does not follow, however, that the defendant should acquire what is in effect a substantive obligation -- proving the nature of the conviction -- as a result of his failure to object.  Likewise, he should have no obligation on appeal to come forward with proof -- or even argument -- about the particulars of the challenged conviction.  Although this approach to plain error "has the feel of allowing the defendant to escape with little disadvantage from his failure to make a timely

objection," the benefit to the defendant will be short-lived if the government on remand is able to produce the necessary documentation.   Id. at 857 (Lipez, J., concurring).

Given the severe consequences of sentencing error, it is incumbent on courts to examine carefully the justification for allowing improperly imposed sentences to stand.   The national debate over the wisdom of lengthy sentences that are properly imposed by statute and under the Sentencing Guidelines adds to the urgency of that examination.   There must be recognition at the threshold that a "defendant's failure to object d[oes] not cure the Government's failure to submit the proper evidence."   United States v. Dantzler, 771 F.3d 137, 149 (2d Cir. 2014).   The simplicity of the remedy means there is no practical reason for letting the government off the hook and reallocating to the defendant the burden of proving the nature of a predicate conviction.

As the Supreme Court has made clear, the plain error standard is not diminished if we take a balanced view of the interests at stake when a court confronts the belated claim of a criminal defendant whose sentence was flawed.   The impact on the defendant of leaving an erroneous sentence intact is often enormous and, given the modest burden of a remedy, indefensible in many cases.   The ACCA and Guidelines enhancement provisions are harsh -- deliberately so.   Hence, when a court has improperly extended a sentence, there should be no debate about the need to choose an approach to the application of plain error that is more likely to spare individuals from unjustified additional punishment.

We also must acknowledge the "unfortunate reality" that a defendant's initial failure to raise objections to the lack of documentation is too often the result of lawyer ineptitude, not strategic planning, and unlikely to be remedied through a claim of ineffective assistance of counsel.   See

Serrano-Mercado, 784 F.3d at 857 (Lipez, J., concurring).   When the issue thus arises for the first time on appeal, we cannot simply shrug our shoulders and say "too bad."

In sum, for the reasons I have described, if a defendant objects for the first time on appeal to a sentencing enhancement that was improperly based on a conviction under a divisible statute, his sentence ordinarily must be vacated and a resentencing ordered.   Such a clear rule would place the government and court on notice that, without waiting for an objection from the defendant, the government should produce the supporting documents at the original sentencing proceeding or face a possible remand for resentencing.   With that notice, most errors should be avoidable.

Even before Molina-Martinez, every marker pointed to the need for Supreme Court attention to this issue: the mounting concern over unduly harsh sentences; a circuit split; and an approach to plain error by this circuit and others that is at odds with the Supreme Court's intent, as reflected in Shepard and its progeny, to protect defendants from unsubstantiated, and thus unjustified, sentencing enhancements.   With Molina-Martinez, our law requiring defendants to disprove the eligibility of a prior conviction for predicate status cannot stand.   I urge the Supreme Court to end the injustice imposed by the misguided precedent of our court and others, and dispel the confusion created by the circuit split on who bears the burden to produce the documents showing the nature of a past conviction under a divisible statute.

By the Court:

/s/ Margaret Carter, Clerk

cc:
Hon. Carmen Consuelo Cerezo
Frances Rios de Moran, Clerk, U.S District Court for the District of Puerto Rico
E. Joshua Rosenkranz
Raul S. Mariani-Franco

- 9 -

Robert Mark Loeb
Brian Philip Goldman
Wilson Serrano-Mercado
Victor O. Acevedo-Hernandez
Myriam Yvette Fernandez-Gonzalez
Nelson Jose Perez-Sosa
Francisco A. Besosa-Martinez