17-442-cr
*United States v. Beal*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand eighteen.

PRESENT:    AMALYA L. KEARSE,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
            *Appellee,*

        v.                                              17-442-cr

DANIEL C. BEAL,
            *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    RAJIT S. DOSANJH, Assistant United
                                 States Attorney (Geoffrey J.L. Brown,
                                 Assistant United States Attorney, *on the
                                 brief*), *for* Grant C. Jaquith, United States

Attorney for the Northern District of
New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:    BRUCE R. BRYAN, Syracuse, New
York.

Appeal from the United States District Court for the Northern District of
New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Daniel Beal appeals from a judgment, entered
January 31, 2017, following his plea of guilty, convicting him of distribution, receipt,
and possession of child pornography.  He was sentenced principally to 84 months'
imprisonment and 15 years' supervised release.  As part of his plea agreement, Beal
reserved his right to appeal a July 11, 2016, district court decision and order denying his
motion to suppress electronic evidence and statements made to law enforcement
officials, which decision he now challenges on appeal.  We assume the parties'
familiarity with the underlying facts, procedural history, and issues on appeal.

On July 21, 2015, federal law enforcement officials obtained a warrant to
search for evidence of child pornography files that were being shared from a computer
traced to Dacobe Enterprises, LLC ("Dacobe"), in Utica, New York.  The warrant listed
the property to be searched as "Dacobe Enterprises LLC located at 325 Lafayette Street,
Utica, NY described further in Attachment A."  Sp. App. 23.  Attachment A provided a

description of the premises and included a photograph of the exterior of the building. The face of the warrant referred to "Attachment B," which described the items to be seized as "[i]tems evidencing violations of Title 18, United States Code, Sections 2252A (distributing, receiving, viewing or possessing child pornography)," and specifically listed computers and computer equipment. Sp. App. 27. The bottom of the warrant contained the handwritten notation "Addendum attached," followed by what appears to be the initials of the issuing judge. Sp. App. 23. The Addendum explained procedures for the seizure and search of computers and other electronic media.

On July 29, 2015, agents executed the warrant at Dacobe. At the time, law enforcement officials had not yet identified the individual who downloaded and shared the child pornography. Upon entering the premises, the agents first spoke with Beal's business partner, who then notified Beal of the agents' presence and the purpose of their visit. Beal then approached the agents -- who were sitting in a showroom -- and volunteered that they were looking for him.

The agents then began to interview Beal. At the outset, Beal told the agents that he had downloaded images and videos of child pornography using a peer-to-peer software program called Ares. Beal also admitted that he brought a personal computer from his home that he used to download adult and child pornography, and stored pornographic videos on an external hard drive at his desk. The agents were dressed in plain clothes and carried weapons, but the weapons were not visible. The agents offered Beal bottled water, and asked him twice whether he wanted a bathroom

- 3 -

break.  Beal was never told that he was not free to leave.  Beal also told the agents that he was expecting his son to arrive at Dacobe, and wanted to check his phone to see if he had any messages.  He was told he could not have his phone because it was likely being searched, but an agent offered to look for his son outside and tell him that Beal was in a meeting.

After approximately an hour and 45 minutes, the agents informed Beal that the interview would be moved across the street to the Utica Police Department.  Beal was then arrested and read his *Miranda* rights.

On March 2, 2016, Beal was charged with distribution, receipt, and possession of child pornography.  On April 11, 2016, Beal filed a motion to suppress the physical evidence seized from Dacobe and statements he made during his interview with law enforcement officials.  The district court denied the motion on July 11, 2016.

Beal conditionally pleaded guilty on September 26, 2016.  He was then sentenced as set forth above on January 26, 2017.  This appeal timely followed.

On appeal from a district court's ruling on a motion to suppress evidence, this Court reviews the district court's legal conclusions *de novo*, and its findings of fact for clear error.  *United States v. Ganias*, 824 F.3d 199, 208 (2d Cir. 2016) (en banc).[1]

---

[1]     The law is not clear as to whether we view the evidence in a light most favorable to the prevailing party on a motion to suppress. *Compare United States v. Schaffer*, 851 F.3d 166, 173 (2d Cir. 2017) (explaining that in reviewing the denial of a motion to suppress, we view "the evidence in the light most favorable to the government"), *with United States v. Bershchansky*, 788 F.3d 102, 109 (2d Cir. 2015) ("We think the better approach is to review the district court's findings of fact for clear error without viewing the evidence in favor of either party.").  We need not decide this issue, however, because we conclude that the district court properly denied the

Beal challenges the district court's denial of the motion to suppress on two grounds: First, Beal argues that the search warrant at issue did not satisfy the Fourth Amendment's particularity requirement because it did not list computers or electronic media in the section of the warrant identifying the place to be searched. Second, Beal argues that the statements he made to agents during his interview should be suppressed because he was in custody and did not receive *Miranda* warnings.

As to Beal's first argument, we are not persuaded. Beal cites no authority for the proposition that, to comport with the Fourth Amendment's particularity requirement, a warrant must identify computers and electronic media as "places to be searched," as opposed to only items to be seized. In any event, we agree with the district court that the "searches in this case [fell] within the particularized, authorized scope of the warrant, and thus did not violate the Fourth Amendment." Sp. App. 11. In its authorization as to "the property to be seized," the warrant stated "See Attachment B," App. 34; Attachment B stated that "[t]he authorization includes the search of electronic data" App. 35; *see, e.g.*, *Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004) (explaining that courts may construe warrants with reference to supporting documents that are attached to the warrant and incorporated by reference). Additionally, by expressly authorizing the search of Dacobe and the seizure of electronic devices evidencing violations of 18 U.S.C. § 2252A, the warrant authorized the search of those items for

---

motion to suppress regardless of whether we view the facts in a light more favorable to either party.

- 5 -

evidence. *See, e.g.*, Fed. R. Crim. P. 41(e)(2)(B) ("Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant.").

We also agree with the district court that even if the warrant were invalid, the good faith exception to the exclusionary rule applies because the officers' reliance upon the warrant was objectively reasonable. *See United States v. Clark*, 638 F.3d 89, 99 (2d Cir. 2011) (recognizing "an exception to the exclusionary rule for evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" (internal quotation marks omitted)). As the warrant was not facially deficient, for the reasons set forth above, we agree that "a reasonably well-trained officer executing the warrant would not have known that the search and seizure exceeded the scope of the warrant, and therefore, suppression would serve no deterrent purpose and is unwarranted," Sp. App. 14; *see, e.g.*, *Bershchansky*, 788 F.3d at 113.

As to Beal's second argument, we also agree with the district court that Beal was not in custody for purposes of triggering *Miranda* protections.[2] *See United States v. Familetti*, 878 F.3d 53, 57 (2d Cir. 2017) (explaining that for *Miranda* safeguards to apply, a person must both be "in custody" and subject to "interrogation" (internal quotation marks omitted)). Our decisions in *Familetti* and *United States v. Faux*, 828 F.3d

---

[2] We acknowledge that there is some dispute over which party carries the burden of proving that a defendant was in custody. *See United States v. Simmonds*, 641 Fed. App'x 99, 102 (2016) (summary order) (explaining that we need "not decide the [burden] issue . . . because . . . the totality of the circumstances show that [the defendant] was not in custody"). We also need not decide that issue here, because we conclude that Beal was in custody regardless of which party had the burden of proof.

130 (2d Cir. 2016), are instructive. In *Familetti*, we held that the defendant was not in custody because the officers had questioned him in his bedroom in a conversational tone, he was not restrained, and the agents' weapons were not drawn. 878 F.3d at 60-63. In *Faux*, we also found that the defendant was not in custody where she was interviewed for hours at her home, was not handcuffed, was never told she was not free to leave, and officers did not display weapons or otherwise threaten or use physical force against her. 828 F.3d at 138-39.

As in those cases, Beal was questioned in a conversational tone by agents, he was not restrained, and the officers' weapons were not visible. Additionally, Beal voluntarily met with the agents, and the agents wore plain clothes, interviewed Beal at his place of business in an open showroom, and did not tell Beal that he could not leave or physically block or prevent him from leaving the room. Although the officers did not affirmatively tell Beal that he could leave, that fact is insufficient to indicate that he was in custody. "In the absence of actual arrest, an interrogation is not custodial unless the authorities affirmatively convey the message that the defendant is not free to leave, or that he is completely at the mercy of the police." *Familetti*, 878 F.3d at 60 (citation omitted). Under the circumstances, "the environment did not present the same inherently coercive pressures of concern in *Miranda*." Sp. App. 22. Accordingly, we agree with the district court that Beal was not in custody for purposes of *Miranda*, and suppression of the statements was not warranted.

- 7 -

We have considered Beal's remaining arguments and find them to be without merit.  For the reasons set forth above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court