**UNITED STATES of America,**
**Appellee,**

v.

**Jose Antonio PEREZ, aka Tony,**
**Raymond Pina, aka Shorty,**
**Defendants–Appellants.**

**Docket No. 03–1445.**

United States Court of Appeals,
Second Circuit.

July 11, 2005.

New York, sitting by designation.

David A. Ring, Assistant U.S. Attorney, for Kevin J. O'Connor, U.S. Attorney for the District of Connecticut, New Haven, CT (William J. Nardini), for Appellee, of counsel.

Diane Polan, New Haven, CT, for Defendant–Appellant.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jose Antonio Perez ("Perez") was convicted by a jury on five counts related to the murder-for-hire killing of Theodore Casiano, the leader of a rival narcotics organization in Hartford, Connecticut, and sentenced to four concurrent terms of life imprisonment and one consecutive five-year term. We assume familiarity with the facts, the procedural history, and the issues on appeal, and also cross-reference this panel's accompanying *per curiam*, which addresses a question of law that this circuit has not previously had occasion to consider. *See United States v. Perez*, 414 F.3d 302 (2d Cir.2005).[1]

On appeal from his conviction and sentence from the judgment of the district court (Arterton, *J.*), Perez raises a caval-

---

**1.** Raymond Pina, who was tried with Perez, withdrew his appeal prior to the date of oral argument.

cade of claims centered around seven principal allegations: (1) that, because he joined the criminal enterprise only after that crime had been completed, the district court erred in denying his Rule 29(c) motion for judgment of acquittal on several federal murder-for-hire counts, 18 U.S.C. § 1958; (2) that, because 18 U.S.C. § 1959 does not cover the act of aiding and abetting in the commission of predicate violent crimes in aid of racketeering ("VICAR") offense, the district court erred in denying his Rule 29(c) motion for judgment of acquittal on one count of aiding and abetting in the commission of a "VICAR" murder, under that section of the criminal code; (3) that the district court erred in failing to instruct the jury on the elements of aiding and abetting under Connecticut law; (4) that, because he was not acting in furtherance of any racketeering enterprise, Perez could not be held liable under the VICAR statute; (5) that the district court committed clear error in admitting a suggestive and unreliable out-of-court identification; and (6) that the district court abused its discretion in admitting testimony regarding his co-conspirators' possession of weapons and narcotics. A seventh claim, involving the question of whether a conviction for using a facility in interstate commerce in the commission of a murder-for-hire is appropriate when the actual usage of that facility by the defendant in a particular instance is wholly *intrastate*, raises issues of first impression that require a published opinion.

■ Perez's argument, that he could not be part of the conspiracy to commit federal murder-for-hire because that conspiracy was completed before he ever became in-

volved, is without merit. Irrespective of whether his co-conspirators satisfied the basic elements of conspiracy prior to Perez's arrival, the fact that there were more instances of planning murder-for-hire using interstate travel and facilities *after* Perez joined is sufficient to establish a basis for his conviction.[2]

■ Perez claims that 18 U.S.C. § 1959(a) does not apply to persons who only aid and abet another individual in the commission of a predicate VICAR offense. But, "murder" in § 1959(a) is defined according to the state or federal law controlling the predicate murder offense. *See United States v. Mapp*, 170 F.3d 328, 335–36 (2d Cir.1999). Under Connecticut law, Conn. Gen.Stat. §§ 53a–54a, 53a–8, and under the federal murder-for-hire provision, 18 U.S.C. § 1958, accomplice liability is built into the respective murder statutes—and therefore Perez's aiding and abetting constitutes murder under the VICAR statute, too.

■ Perez's argument that the district court failed to instruct the jury on the elements of aiding and abetting under Connecticut state law, too, is without merit. Given that the district court issued the comparable federal aiding-and-abetting charge and also given the fact that we review only for plain error (since Perez failed to object at the time of the charge), we reject this claim. *See United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir.2004); *United States v. Whab*, 355 F.3d 155, 158 (2d Cir.2004).

With respect to the contention that Perez was not acting to further a racketeering enterprise, we conclude that there was sufficient evidence for the jury to find that he

---

**2.** Because Perez's corollary claims—(a) that he cannot be convicted of using interstate travel to commit federal murder-for-hire, (b) that he cannot be convicted of aiding and abetting federal murder-for-hire, and (c) that

he cannot receive a firearm enhancement in conjunction with federal murder-for-hire—rest entirely on this same argument, they likewise are unavailing.

had been doing precisely that. *See United States v. Bruno*, 383 F.3d 65, 83 (2d Cir. 2004).

The claim that the district court improperly admitted a suggestive and unreliable out-of-court identification also fails. The district court conducted a multi-day *Wade* hearing, *see United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and reasonably determined that though the procedures used in obtaining the identification of Perez were suggestive, the identification by one of his co-conspirators was itself reliable. *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir.2001); *see also United States v. Simmons*, 923 F.2d 934, 950 (2d Cir.1991) (noting that an out-of-court identification tainted by procedures which were unduly suggestive may still be admissible if "it possesses sufficient indicia of reliability"). Based on the district court's analysis in accordance with the five-part reliability test, *see Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), we conclude that there was no clear error. *See United States v. Finley*, 245 F.3d 199, 203 (2d Cir.2001).

Finally, the district court did not abuse its discretion in admitting testimony regarding the possession of weapons and narcotics by Perez's co-conspirators. *See United States v. Becerra*, 97 F.3d 669, 671 (2d Cir.1996).

We have here considered all of Perez's claims, except for those involving whether Perez was properly convicted for using a facility in interstate commerce in the commission of murder-for-hire, and find the ones addressed above to be without merit. The judgment of the district court is therefore AFFIRMED.