22-3207-cr
*United States v. Berry*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-four.

PRESENT:     PIERRE N. LEVAL,
             SARAH A. L. MERRIAM,
             MARIA ARAÚJO KAHN,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

 *Appellee*,

   v.                                                   No. 22-3207-cr

RALPH BERRY, a/k/a Sealed Defendant 1,

 *Defendant-Appellant*,

FRANK LOPEZ, a/k/a Sealed Defendant 2,

 *Defendant*.

_____

FOR APPELLEE:                    JACOB R. FIDDELMAN (Dominic A. Gentile, James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.


FOR DEFENDANT-APPELLANT:        STEVEN Y. YUROWITZ, Newman & Greenberg, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 21, 2022, judgment is **AFFIRMED**.

Defendant-appellant Ralph Berry appeals from a judgment of conviction after a jury trial. Berry was found guilty of one count of murder through the use of a firearm, in violation of 18 U.S.C. §924(j)(1) ("Count One"); one count of murder while engaged in a narcotics offense, in violation of 21 U.S.C. §848(e)(1)(A) ("Count Two"); and one count of murder in aid of racketeering ("VICAR murder"), in violation of 18 U.S.C. §1959(a)(1) ("Count Three").[1] Berry was accused of ordering Frank Lopez to shoot the leader of a rival drug crew in the Bronx in June 2000. Lopez instead shot an innocent bystander, Caprice Jones, who died in 2010 of complications from his injuries.

Before the case was submitted to the jury, Berry moved for a judgment of acquittal, arguing that the evidence was insufficient to support a conviction on Counts

---

[1] Berry was also charged with aiding and abetting each of these offenses pursuant to 18 U.S.C. §2.

One and Two because Jones died more than a year and a day after the shooting. See Rogers v. Tennessee, 532 U.S. 451, 453 (2001) ("At common law, the year and a day rule provided that no defendant could be convicted of murder unless his victim had died by the defendant's act within a year and a day of the act."). Berry's trial counsel did not make the same argument with respect to Count Three; indeed, counsel expressly conceded that the VICAR murder statute, 18 U.S.C. §1959(a), does not incorporate the year-and-a-day rule. The District Court reserved judgment, and Berry renewed his motion after the jury's verdict. The District Court agreed with Berry that §924(j)(1) incorporates the common-law year-and-a-day rule and therefore entered a judgment of acquittal with respect to Count One, but it denied Berry's motion with respect to Count Two. The District Court subsequently sentenced Berry principally to twenty years of imprisonment on Count Two, to run concurrently with the mandatory term of life imprisonment on Count Three.

Berry, now represented by new counsel, argues that his trial counsel provided ineffective assistance of counsel by failing to argue to the District Court that the VICAR murder statute incorporates the year-and-a-day rule. Berry also argues that his conviction on Count Two violates the Double Jeopardy Clause, because he was previously convicted of a drug conspiracy covering the same time frame as the drug conspiracy underlying this charge.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, and recite them only as necessary to explain our decision to affirm.

## I.     VICAR Murder and the Year-and-a-Day Rule

Berry contends that he received ineffective assistance of counsel because his trial attorney failed to move for a judgment of acquittal on Count Three on the basis that the VICAR murder statute, 18 U.S.C. §1959(a), incorporates the year-and-a-day rule, and Jones died ten years after the shooting. To show ineffective assistance of counsel, an appellant must satisfy two criteria. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). We do not ordinarily hear claims of ineffective assistance of counsel that are raised for the first time on direct appeal because in such cases, no factual record has been developed in the district court. But where, as here, the issue "is both straightforward and susceptible to resolution as a matter of law," there is no reason to defer consideration of the ineffective assistance claim. United States v. De La Pava, 268 F.3d 157, 163 (2d Cir. 2001) (citation and quotation marks omitted).

Berry's ineffective assistance claim fails because he has not shown that "counsel's performance was deficient," as required by Strickland, 466 U.S. at 687. Indeed, our precedent forecloses the argument Berry contends his trial counsel should have raised. Section 1959(a) penalizes, among other things, the commission of murder "in violation of the laws of any State or the United States," in aid of a racketeering enterprise. 18 U.S.C. §1959(a). The Superseding Indictment alleges that Berry violated §1959(a) by committing second-degree murder under New York Penal Law §125.25 and §20.00, specifically, by ordering Lopez "to carry out a shooting which caused Jones's death."

App'x at 27. Berry contends that the conduct supporting a VICAR murder charge must violate both New York's murder statute, which he acknowledges does not incorporate the year-and-a-day rule, and the federal offense of murder, which he argues does incorporate the rule – even though the only predicate offense charged is a violation of New York state law.

We have previously rejected a similar argument where a defendant-appellant was charged with VICAR murder based on his commission of felony murder under New York state law. See United States v. Mapp, 170 F.3d 328, 335 (2d Cir. 1999). In Mapp, the defendant argued that "section 1959 should be interpreted as punishing only intentional murders," and the evidence at his trial "at most proved that he killed [the victim] accidentally." Id. But "New York's felony murder law mandates that an individual is guilty of second-degree murder if he participates in a robbery that results in the death of a non-participant." Id. We concluded that "section 1959, without qualification, leaves to state law the definition of the predicate acts of murder." Id. at 336.[2]

---

[2] Berry contends that Mapp has been called into question, citing a Fourth Circuit decision concluding "that Congress intended for individuals to be convicted of VICAR assault with a dangerous weapon by engaging in conduct that violated both that enumerated federal offense as well as a state law offense." United States v. Keene, 955 F.3d 391, 398-99 (4th Cir. 2020). Whatever the merits of the Keene decision, "prior opinions of a panel of this court are binding upon us in the absence of a change in the law." United States v. Moore, 949 F.2d 68, 71 (2d Cir. 1991). Mapp remains good law. See United States v. Delgado, 972 F.3d 63, 73, 73 n.8 (2d Cir. 2020) (considering accomplice liability under both New York and federal law because VICAR murder charge expressly referred to both); see also United States v. Perez, 138 F. App'x 379, 381 (2d Cir. 2005) (summary order) (considering VICAR murder conviction with a Connecticut-law predicate).

It is undisputed that New York abandoned the year-and-a-day rule long ago. See People v. Brengard, 265 N.Y. 100, 106 (N.Y. 1934). Second-degree murder under New York law therefore does not incorporate the year-and-a-day rule. Berry was charged and convicted under VICAR based on the New York predicate offense. Therefore, his charge and conviction likewise are not subject to the rule.

In sum: Section 1959(a), as charged in this matter based solely on a violation of New York law, does not incorporate the year-and-a-day rule. We therefore find that Berry's counsel was not ineffective for failing to raise this argument at trial, because no amount of argument would have changed the outcome.[3]

## II. Double Jeopardy

Berry argues that his prosecution on Count Two, murder while engaged in a narcotics conspiracy, violates the Double Jeopardy Clause because he was convicted in 2008 of the predicate narcotics conspiracy. Berry attempted to raise this argument in a motion to dismiss that he submitted himself – not through his counsel – to the District Court. See App'x at 29-30. The District Court declined to consider the motion because Berry was represented by counsel. See id.; see also United States v. Rivernider, 828 F.3d

_____

[3] Berry's counsel asserted at oral argument before this Court that he had adequately raised a substantive direct appeal challenge to the conviction on Count Three, in addition to the ineffective assistance of counsel claim. Berry's briefing identifies the issue presented as: "Was Berry deprived of his constitutional right to the effective assistance of counsel, where defense counsel failed to challenge his conviction under Count Three charging a VICAR murder charge based on the year and a day rule?" Appellant's Br. at 2. Furthermore, the brief only discusses the § 1959(a) year-and-a-day issue in the context of the ineffective assistance of counsel claim. It is not at all clear that Berry has adequately preserved this issue on appeal. However, we need not determine whether Berry adequately made a substantive challenge to his conviction on Count Three, because, as set forth above, any such claim would lack merit.

91, 108 (2d Cir. 2016) ("A defendant has a right either to counsel or to proceed pro se, but has no right to 'hybrid' representation . . . ." (citation omitted)). The District Court noted that even if it reached the merits of the motion, the motion would be denied as "frivolous." App'x at 30.[4]

This Court has recently addressed the interplay of 21 U.S.C. §846 and 21 U.S.C. §848(e)(1)(A) and has resolved this very question against Berry's position. In United States v. Aquart, the appellant was convicted at the same trial under both §846 and §848(e)(1)(A). See 92 F.4th 77, 101-02 (2d Cir. 2024). He argued "that because the charged crack conspiracy was . . . the specified predicate crime for the charged drug-related murders, that conspiracy must be considered a lesser included offense to the §848(e)(1)(A) murders, for which he cannot stand convicted or be punished without violating double jeopardy." Id. at 102. This Court disagreed:

> In Garrett[ v. United States, 471 U.S. 773 (1985)], the Supreme Court concluded, based on "common sense" and the "language, structure, and legislative history" of §848, that Congress intended for the CCE provisions of §848 to state separate offenses from any substantive drug crimes under other statutory sections that might be used to prove the enterprise. 471 U.S. at 785, 779, 781 (holding that double jeopardy did not preclude §848 prosecution based in part on proof of §952 drug importation for which defendant had earlier been indicted). . . . While Garrett's focus was on the CCE provisions of §848, its reasoning applies with equal force to the statute's drug-related murder provision here at issue.

---

[4] The government argues that Berry's double-jeopardy challenge was not raised before the District Court, and we therefore must review it for plain error. See United States v. Polouizzi, 564 F.3d 142, 153-54 (2d Cir. 2009). Berry contends that we should review the issue de novo, because he raised the issue in his pro se submission. See United States v. Olmeda, 461 F.3d 271, 278 (2d Cir. 2006). We need not determine which standard of review applies, because even on de novo review, Berry's argument fails.

Id. at 104.

Like the defendant in Aquart, Berry "was convicted of engaging in distinct crimes, one substantive and one conspiratorial, with different objectives: murder in the case of §848(e)(1)(A); a scheme to traffic drugs in the case of §846." Id. at 102. Congress intended to provide for separate offenses and commensurate punishments for those offenses. Berry was charged with conduct in this case that was not a part of his prior drug conviction; the earlier drug offense simply did not encompass all of "the multilayered conduct, both as to time and to place, involved in this case." Garrett, 471 U.S. at 789.[5] We therefore conclude that Berry's successive prosecutions under 21 U.S.C. §846 and 21 U.S.C. §848(e)(1)(A) did not violate the Double Jeopardy Clause.

We have considered all of Berry's remaining arguments and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Of course, Berry could not have been prosecuted for the murder at the time of his prosecution for the drug conspiracy because the victim of the shooting had not yet died.

8